# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3568

_____

United States of America,                              *
                                                       *
        Plaintiff - Appellee,             *
                                                       *     Appeal from the United States
    v.                                       *     District Court for the
                                                       *     District of Minnesota.
Frederick Leron McKnight,                              *
                                                       *     [PUBLISHED]
        Defendant - Appellant.            *

_____

Submitted:  May 14, 1999
Filed:  July 27, 1999

_____

Before McMILLIAN, BRIGHT and FAGG, Circuit Judges.

_____

PER CURIAM.

      Defendant Appellant Frederick McKnight is a twenty-eight-year-old drug dealer who pled guilty to one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. For sentencing purposes, McKnight had sustained no prior sentence of imprisonment, and he received zero criminal history points which placed him in a criminal history category of I. The district court sentenced McKnight to life in prison predicated upon his drug related conduct and for obstructing justice. The district court did not hold a hearing on the enhancement for obstruction of justice nor make findings of fact to support this enhancement at the sentencing hearing.

Therefore, we remand this case to the district court for a hearing on the two-point enhancement for obstruction of justice, and for reconsideration of McKnight's sentence.

## I. Factual and Procedural Background

February 19, 1998, a grand jury returned a superseding indictment against McKnight, charging him with four counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841, and one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846. McKnight agreed to plead guilty to the conspiracy charge, all other counts to be dismissed at sentencing. The plea agreement expressly stated that the district court could impose a maximum sentence under the relevant sentencing guidelines of 360 months to life, but the colloquy between the prosecutor, defense counsel, and the court at the guilty plea hearing suggested that a life sentence was not then under contemplation.

As the matter stood prior to sentencing, the guideline's offense level computation included the following:

| | |
|---|---|
| Base Offense Level for 1.5 Kilograms of Cocaine Base | 38 |
| Firearms | +2 |
| Organizer Roll | +4 |
| Adjustment for Acceptance of Responsibility | -3 |
| Total Offense Level | 41 |

At this offense level, the district court possessed the discretion to sentence McKnight to 360 months, taking into consideration his guilty plea and zero criminal history points (category I). However, at sentencing the government sought a two-point enhancement for obstruction of justice based upon McKnight's alleged attempt to convince a co-

defendant to withdraw his guilty plea. This particular claim was not included in the presentence investigation report. Without holding a hearing, or making findings of fact, the district court imposed the obstruction enhancement. The two-point enhancement increased McKnight's offense level to 43, mandating that the district court impose a life sentence on McKnight.

Because of the life sentence in this case, and the absence of findings to support the obstruction enhancement, we carefully review the record and McKnight's contentions on appeal.

## II. Discussion

The appellant McKnight first asserts error by the district court in refusing to allow McKnight to withdraw his guilty plea. We reject this claim. The record shows no abuse of discretion by the district court in rejecting this contention. See United States v. Thompson, 906 F.2d 1292, 1295, 1298-99 (8th Cir. 1990) (holding that district court did not abuse its discretion in denying a motion to withdraw guilty plea filed three weeks after entering the plea). The evidence indicates that McKnight freely and voluntarily pleaded guilty to the charge, and that he failed to show a "fair and just" reason for withdrawal of his guilty plea. See United States v. Yell, 18 F.3d 581, 582 (8th Cir. 1994) (holding that the defendant has the burden of proving a "fair and just" reason for withdrawal of a guilty plea).

McKnight next claims that the plea agreement should be vacated because the government purportedly breached the terms of the agreement. That contention lacks support. The government had agreed to make a motion at sentencing under U.S.S.G. § 5K1.1 for a downward departure for substantial assistance to law enforcement authorities. The government did make such a motion but disclosed to the court certain wrongful conduct by the defendant in his alleged attempt to implicate an apparently innocent person in criminal drug conduct. On full disclosure of all the circumstances

to the district court, the district judge, as a matter of discretion, declined a downward departure. No basis for relief exists on this issue. See United States v. Anzalone, 148 F.3d 940, 941-42 (8th Cir. 1998) ("Once the government concludes that a defendant has provided substantial assistance . . . it should make the downward departure motion and then advise the sentencing court if there are unrelated factors . . . that in the government's view should preclude or severely restrict any downward departure relief").

The appellant also claims that he was misled at the change of plea hearing as to the length of his sentence. While some statements were made indicating a "reasonable expectation" of a sentence between twenty and thirty years, the plea agreement and colloquy indicate that McKnight knew that he faced a sentence of 360 months to life under the sentencing guidelines. McKnight may have hoped to have the court sentence him below the guidelines for his cooperation, but that hope does not translate into a claim for relief. Nor do we find any merit in McKnight's related contention that the harshness of his sentence, as compared to his co-conspirators', entitles him to relief in this case.[1] See United States v. Polanco, 53 F.3d 893, 897 (8th Cir. 1995) ("Disparity between sentences imposed on codefendants is not a proper basis for departure."); United States v. Fry, 831 F.2d 664, 667 (6th Cir. 1987) ("A defendant relying upon the argument that he has received a disproportionate sentence must establish more than the mere fact that other defendants have received less harsh sentences for similar crimes.").[2]

---

[1]Two of his convicted co-conspirators received sentences of between 70 and 80 months imprisonment.

[2]McKnight has also made an ineffective assistance of counsel claim. This is better presented on collateral review, if it is still an issue, pursuant to 28 U.S.C. § 2255. See United States v. Bowers, 21 F.3d 843, 844 (8th Cir. 1994).

During oral argument before this court, a crucial issue surfaced as to whether the district court properly imposed a two-point enhancement under U.S.S.G. § 3C1.1 for obstruction of justice. That enhancement, as we have already noted, raised the sentencing level to 43 and required a mandatory life sentence. A review of the record indicates that there is neither evidence nor any hearing supporting this enhancement and thus, this case must be remanded for re-sentencing. See United States v. Dunnigan, 507 U.S. 87, 95 (1993) (holding that before a court imposes an enhancement for obstruction of justice, the court "must review the evidence and make independent findings necessary to establish a willful impediment to, or obstruction of, justice . . . .").

We review the evidence in the record supporting this enhancement. The probation officer had recommended a two-point adjustment for obstruction of justice in the presentence investigation report. This rested on an alleged attempt by McKnight to suborn perjury of a government witness by the name of Monica Thomas. McKnight objected to this enhancement and as we read the record, the government withdrew this claim for an enhancement.[3] Notwithstanding this withdrawal, the court held no hearing regarding the alleged obstruction of justice relating to co-defendant Mario Rogers and made no findings relating to that assertion by the prosecuting attorney. Following that colloquy, the court made the statement:

> The Court will not grant the Government's motion for a downward departure under 5K1.1. Therefore, the Court finds that the defendant has

---

[3]In a letter to the court following oral argument dated May 19, 1999, the prosecutor did not seek to support the obstruction enhancement based on the alleged subornation of perjury of Ms. Thomas. Additionally, the government presented no evidence on that point to the district court. In fact, the prosecuting attorney told the court that it did not "hang its hat" on the Thomas testimony but rather on the actions of McKnight in trying to convince co-defendant Mario Rogers to withdraw his guilty plea. Sent. Tr. at 11.

a criminal history category of Category I. Accordingly, the Guideline range is life imprisonment.

Sent. Tr. at 14.

It is apparent from the record that the district court assumed at the sentencing hearing that the obstruction of justice points applied to McKnight. Earlier in the hearing, the district court had remarked that the government had met its burden of proving obstruction of justice by a preponderance of evidence as to the alleged Monica Thomas episode. This statement, of course, is error in light of the government's concession that it was not "hanging its hat" on the Monica Thomas claim. Indeed, no actual evidence is presented in the presentence investigation report or otherwise supporting the Thomas claim for suborning perjury and that claim, as we see it, has been permanently withdrawn from consideration in the sentencing.

## III. Conclusion

The district court's addition of offense level points for obstruction of justice mandated that the court impose a life sentence on McKnight, notwithstanding his zero criminal history points. The district court, therefore, had no choice but to sentence the defendant under the guidelines to life in prison where this defendant had pled guilty to the offense charged in the indictment and surrendered his constitutional right to a trial by jury. Accordingly, we remand this case for a hearing on the alleged two-point enhancement relating to whatever discussion McKnight had with his co-defendant Rogers and for reconsideration of whether a sentence less than life should be imposed on McKnight.[4]

---

[4]We also note material in the record that relates to continuing cooperation between McKnight and the government. See Position of the Government with Respect to Sentencing (Aug. 27, 1998) (R. at 30). We leave such matter to the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.