# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-3903

———————

United States of America,      *
     *
         Appellee,      *
     *    Appeal from the United States
         v.      *    District Court for the
     *    District of Nebraska.
Gustavo Martinez-Cruz,      *
     *
         Appellant.      *

———————

Submitted: June 15, 1999
Filed: August 17, 1999

———————

Before HANSEN and MAGILL, Circuit Judges, and JONES,[*] District Judge.

———————

MAGILL, Circuit Judge.

Gustavo Martinez-Cruz pleaded guilty to reentering the United States illegally as an alien after being deported, in violation of 8 U.S.C. § 1326. He appeals his conviction and sentence, arguing that his guilty plea is constitutionally infirm and that his counsel provided ineffective assistance. We affirm.

———————

[*]The Honorable John B. Jones, Senior United States District Judge for the District of South Dakota, sitting by designation.

# I.

Martinez-Cruz was arrested on March 20, 1998, in a friend's car outside a Nebraska motel shortly after Martinez-Cruz's friend, who was in one of the motel rooms, delivered a large quantity of methamphetamine to undercover police officers. After the transaction was consummated, the officers arrested Martinez-Cruz and his friend on charges related to distribution of methamphetamine.

The police discovered that Martinez-Cruz had been deported on February 28, 1995, and that he had not obtained permission to reenter the United States. On April 24, 1998, a two-count indictment charged Martinez-Cruz with (1) possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and (2) reentering the United States as a deported alien without first obtaining consent of the United States Attorney General to reapply for admission, in violation of 8 U.S.C. § 1326.

Martinez-Cruz was arraigned by a federal magistrate judge and pleaded not guilty to both counts of the indictment. He subsequently appeared before the district court[1] and withdrew his not guilty plea on the illegal reentry count and instead pleaded guilty to that count. Martinez-Cruz made his guilty plea pursuant to a written plea agreement with the United States. Ultimately, the district court sentenced Martinez-Cruz to seventy-seven months' imprisonment followed by three years' supervised release.

Martinez timely appealed, raising two issues. First, he challenges the validity of his guilty plea. Second, he contends that his trial counsel provided ineffective assistance.

---

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

## II.

Martinez-Cruz argues that the district court improperly accepted his guilty plea because it was not knowingly and voluntarily made, relying primarily on his inability to speak English. We review de novo the question of whether Martinez-Cruz's guilty plea is constitutionally valid. See United States v. Gray, 152 F.3d 816, 819 (8th Cir. 1998) (stating validity of plea is mixed question of fact and law reviewed de novo).

To be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent. See Parke v. Raley, 506 U.S. 20, 28, 29 (1992) (holding that "guilty plea must be both knowing and voluntary" and must be a "voluntary and intelligent choice among the alternative courses of action" available to defendant). Because a guilty plea constitutes a waiver of three constitutional rights--the right to jury trial, the right to confront one's accusers, and the privilege against self-incrimination--it must be made "with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). In seeking to ensure that the district court accepts only knowing, voluntary, and intelligent guilty pleas, Rule 11 of the Federal Rules of Criminal Procedure directs the court to conduct a colloquy with the defendant. See Fed. R. Crim. P. 11(c), (d), (f) (requiring court to advise defendant of rights he will forfeit by pleading guilty, to question defendant regarding voluntariness of his decision to plead guilty, and to satisfy itself that there is factual basis for plea). These protections notwithstanding, we have said that "[a] guilty plea is a solemn act not to be set aside lightly." United States v. Prior, 107 F.3d 654, 657 (8th Cir. 1997).

Martinez-Cruz, who speaks only Spanish, submitted a Petition to Enter a Plea of Guilty (Petition) to the district court. The Petition was written in both Spanish and English and purported to memorialize his intent to plead guilty to the illegal reentry count. Martinez-Cruz was represented by counsel who speaks both Spanish and English. Counsel read to Martinez-Cruz in Spanish each of the questions contained in the Petition and explained each of the questions to him.

-3-

In the Petition Martinez-Cruz answered "Yes/Si" to certain questions that inquired about his knowledge of his rights. Specifically, he stated that he understood that he had a right to plead not guilty to the charge and that by pleading guilty he forfeited his rights to jury trial, to counsel, to cross-examine government witnesses, to use the court's subpoena power to compel testimony and production of evidence, not to incriminate himself, and to be presumed innocent. See Petition at 3-4. Martinez-Cruz also indicated in his answers that he was aware of the possible punishment for the offense to which he pleaded guilty. See id. at 5-11. In response to another series of questions, Martinez-Cruz stated that he was not under the influence of any substance that interfered with his ability to understand what he was doing and that he was making the guilty plea of his own volition. See id. at 11-13.

At both the July 22, 1998, plea hearing and the October 30, 1998, sentencing hearing Martinez-Cruz was assisted by a court-certified Spanish interpreter. At the plea hearing the district court reviewed the Petition and questioned Martinez-Cruz regarding his comprehension of the Petition. Martinez-Cruz told the court that he understood all the Petition's questions, which had been explained to him by his bilingual counsel, and that all of his answers were true. The district court then conducted a Rule 11 colloquy with Martinez-Cruz. Satisfied with Martinez-Cruz's responses, the district court made the necessary findings under Rule 11 and accepted the guilty plea.

Nothing in the record supports Martinez-Cruz's contention that his plea was constitutionally infirm. Martinez-Cruz was provided a Spanish interpreter for the plea and sentencing hearings, and his counsel, who assisted him in preparing the Petition, also spoke Spanish. The district court properly advised him regarding his decision to plead guilty, and Martinez-Cruz's responses to the court's inquiries demonstrate that his decision was informed and voluntary. We are convinced that Martinez-Cruz's pleaded guilty knowingly, intelligently, and voluntarily and thus that his plea may not be set aside.

### III.

Martinez-Cruz also argues that his counsel's advice to plead guilty constituted ineffective assistance of counsel. We have stated time and again that ineffective assistance claims are best presented in a motion for post-conviction relief under 28 U.S.C. § 2255. See, e.g., United States v. Scott, 26 F.3d 1458, 1467 (8th Cir. 1994). Further, Martinez-Cruz did not present his ineffective assistance claim to the district court but, instead, raises it for the first time on appeal. "This court will not consider an ineffective assistance claim on direct appeal if the claim has not been presented to the district court so that a proper factual record can be made." United States v. Kenyon, 7 F.3d 783, 785 (8th Cir. 1993); see also Scott, 26 F.3d at 1467. We therefore decline to address the merits of Martinez-Cruz's ineffective assistance claim.

### IV.

For the foregoing reasons, we affirm Martinez-Cruz's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.