# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1603SI

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | On Appeal from the United |
| Appellee, | * | States District Court |
| | * | for the Southern District |
| v. | * | of Iowa. |
| | * | |
| Jerry Lee Berry, Jr., | * | [Not to be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted:  October 29, 1999
Filed:   December 1, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Jerry Lee Berry, Jr., pleaded guilty to conspiring to distribute cocaine base, in violation of 21 U.S.C. § 846.  The District Court[1] sentenced Berry to fifteen years  and eight months in prison and five years supervised release.  On appeal, Berry claims that his counsel was ineffective in that counsel's previous representation of other defendants

---

[1]The Honorable R. E. Longstaff, United States District Judge for the Southern District of Iowa.

in a related drug case created a conflict of interest, and counsel did not properly investigate the government's case.

We believe Berry's ineffective-assistance claims would be more appropriately addressed in a 28 U.S.C. § 2255 proceeding before the district court where a record can be fully developed. See United States v. Santana, 150 F.3d 860, 863 (8th Cir. 1998) (claims of ineffective assistance are considered on direct appeal "only in those exceptional cases in which the district court has developed a record on the ineffectiveness issues or where the result would otherwise be a plain miscarriage of justice"); see also United States v. Martinez-Cruz, 186 F.3d 1102, 1105 (8th Cir. 1999) (ineffective-assistance claim best presented in § 2255 motion). Therefore, we decline to address these claims. Accordingly, we affirm Berry's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.