# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4143

_____

United States of America,                    *
                                              *
                    Appellee,                 *
                                              *    Appeal from the United States
        v.                                    *    District Court for the
                                              *    Western District of Arkansas.
Shannan Wallace, also known as                *
Shanan Wallace,                               *    [UNPUBLISHED]
                                              *
                    Appellant.                *

_____

Submitted:   December 30, 1999
    Filed:   January 24, 2000

_____

Before HANSEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Shannan Wallace pleaded guilty to possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). In the plea agreement, the government agreed not to object to a motion by Wallace for safety-valve relief under 18 U.S.C. § 3553(f) "should the court determine that defendant so qualifies under said statute." Notwithstanding this provision, the government reserved the right to bring to the court's attention all relevant information regarding Wallace's background, character, and conduct; to make all facts known to the probation office and to the court; and to contest any finding of fact. The presentence report indicated that Wallace appeared to meet

the criteria for safety-valve relief, and the government objected on the basis that Wallace had possessed a firearm in connection with the offense.

At sentencing, the district court[1] interpreted the plea agreement to prevent the government from advocating against the application of safety-valve relief, but to allow the government to make any relevant facts and legal authority known to the court, and Wallace agreed with this interpretation. After hearing testimony that Wallace had trafficked drugs from her residence, and that a firearm was found in close proximity to drugs and drug paraphernalia at her residence, the court found Wallace ineligible for safety-valve relief, and sentenced her to the statutory minimum term of 120 months imprisonment and 5 years supervised release.

On appeal, Wallace argues that the district court erred in allowing the government to effectively breach the plea agreement by presenting evidence at sentencing which amounted to an objection to safety-valve relief. Having reviewed the plea agreement de novo, see United States v. Wilkerson, 179 F.3d 1083, 1085 (8th Cir. 1999), we disagree. The plea agreement expressly conditioned the government's duty not to object to safety-valve relief upon the court determining that Wallace was in fact eligible for safety-valve relief. Compare United States v. Mahique, 150 F.3d 1330, 1331-32 (11th Cir. 1998) (per curiam) (government agreed not to oppose defendant's request for safety-valve relief "if he is eligible, and the Court makes appropriate findings regarding the criteria"; no breach where government argued that defendant did not meet criteria and was thus ineligible for relief, because government's promise not to oppose defendant's request was expressly conditioned on court finding that defendant met criteria and was eligible), cert. denied, 119 S. Ct. 843 (1999), with United States v. Mitchell, 136 F.3d 1192, 1193-94 (8th Cir. 1998) (government agreed to file U.S.S.G. § 5K1.1 motion "recommending a downward departure of up to 50%

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

based on [defendant's] cooperation"; agreement breached where government filed motion but made no departure recommendation, because plain language of promise did not condition recommendation on court first granting motion). The agreement also expressly reserved to the government the right to make all facts known to the probation office and to the court, and to contest any finding of fact. See United States v. Tournier, 171 F.3d 645, 647-48 (8th Cir. 1999) (safety valve criteria are findings of fact).

Under these circumstances, the government did not breach the plea agreement by demonstrating to the probation office and to the court that Wallace had possessed a firearm in connection with the offense. Cf. United States v. McKnight, 186 F.3d 867, 869 (8th Cir. 1999) (per curiam) (no breach of plea agreement where government promised to make substantial-assistance downward-departure motion, and did so, but disclosed to district court information regarding defendant's conduct which led court to deny motion).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.