# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2431

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| James O. Wolf, also known as Bo Wolf, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 2, 2000

Filed: March 7, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

James O. Wolf appeals his drug-related sentence. Wolf contends he should not be held responsible for cocaine which he agreed to sell to an undercover officer but did not deliver. He also contends he was the victim of sentencing entrapment and he received a disproportionate sentence compared to an equally culpable co-defendant. We reject Wolf's contentions. First, the district court did not commit clear error in holding Wolf responsible for the cocaine. See U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.12) (1996); Brown v. United States, 169 F.3d 531, 534-35 (8th Cir. 1999). Second, while sentencing entrapment may occur when "outrageous official

conduct overcomes the will of an individual predisposed only to dealing in small quantities," <u>see</u> <u>United States v. Lenfesty</u>, 923 F.2d 1293, 1300 (8th Cir.), <u>cert. denied</u>, 499 U.S. 968 (1991), it did not occur here. Wolf did not prove the government engaged in outrageous conduct, and the undercover officer's testimony established Wolf's earlier cocaine dealings and his willingness to procure a substantial quantity of cocaine for the officer. Third, Wolf's disparity in sentence argument is foreclosed by this court's precedent. <u>See</u> <u>United States v. McKnight</u>, 186 F.3d 867, 869 (8th Cir. 1999) (per curiam). We thus affirm Wolf's sentence. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.