# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3521

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Calvin James, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 22, 2000

Filed: June 29, 2000

_____

Before WOLLMAN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Calvin James pleaded guilty to one count of bank fraud. James now appeals, and we affirm. First, James cannot establish his claim of a jurisdictional defect in the superseding indictment because he has not shown the indictment failed on its face to state the offense of bank fraud. See O'Leary v. United States, 856 F.2d 1142, 1143 (8th Cir. 1988) (per curiam) (standard for showing jurisdictional defect in indictment); United States v. Whitehead, 176 F.3d 1030, 1037 n.2 (8th Cir. 1999) (elements of bank fraud). Second, we reject James's contention that the district court improperly ordered him to make restitution without considering his ability to pay – "[t]he Mandatory

Victim Restitution Act of 1996 . . . requires restitution for injuries inflicted in the course of crimes involving fraud . . . [and] requires that restitution be ordered 'without consideration of the economic circumstances of the defendant.'" United States v. Mathison, 157 F.3d 541, 551 (8th Cir. 1998) (citing 18 U.S.C. § 3663A(c)(1)(A)(ii) (Supp. III 1997) and quoting 18 U.S.C. § 3664(f)(1)(A) (Supp. III 1997)), cert. denied, 525 U.S. 1089 (1999). Third, James's claim that he should not be required to pay restitution to certain financial institutions is meritless because, even assuming we agree with James's claim that these institutions were not victims of his crime, James agreed in his plea agreement to make restitution to them. See 18 U.S.C. § 3663A(a)(3) (Supp. III 1997) ("[t]he court shall also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense"). Fourth, contrary to James's view, the Government proved by a preponderance of the evidence the amount of restitution awarded to victims Connie Stallworth and Lucinda Merritt. See id. § 3664(e). Fifth, by pleading guilty, James waived his claims of prosecutorial misconduct and vindictive prosecution. See United States v. Fitzhugh, 78 F.3d 1326, 1330 (8th Cir. 1996). Sixth, we decline to address James's ineffective assistance of counsel claim because that claim is properly raised in postconviction proceedings. See United States v. Martinez-Cruz, 186 F.3d 1102, 1105 (8th Cir. 1999). Finally, we deny the motion of James's counsel to withdraw; however, when James's counsel informs the clerk of this court that he has complied with Part V of this court's Plan to Expedite Criminal Appeals, we will reconsider his motion to withdraw.

Having carefully reviewed the parties' briefs and the record, we affirm without further discussion. See 8th Cir. R. 47B.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.