# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1848

_____

United States Of America,            *
                                     *

          Appellee,          *
                                       *     Appeal from the United States

     v.                              *     District Court for the Northern
                                       *     District of Iowa

Michael John Kluver,             *
                                     *      [UNPUBLISHED]
          Appellant.       *  _____

Submitted:   November 7, 2000

Filed:   November 15, 2000

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

       In this direct criminal appeal, Michael J. Kluver challenges the sentence imposed by the District Court[1] for the Northern District of Iowa after he pleaded guilty to two counts of bank robbery.  The district court sentenced him to 87 months imprisonment and three years supervised release on each count, to be served concurrently.  Citing <u>United States v. Lopez</u>, 514 U.S. 549 (1995), Kluver's counsel argues that the court lacked jurisdiction to indict, convict, and sentence Kluver because Congress acted

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

without constitutional authority in enacting the federal bank robbery statute, 18 U.S.C. § 2113. Counsel also has moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and Kluver has filed a pro se supplemental brief, raising the Lopez challenge and arguing that counsel was ineffective for failing to raise the issue sufficiently in the district court. For the reasons discussed below, we affirm the judgment of the district court.

To obtain Kluver's convictions under the statute, the prosecutor had to establish--and did--that the two entities Kluver robbed (a bank and a credit union) were federally insured. See 18 U.S.C. § 2113(f), (g). This requirement provided the necessary connection to interstate commerce. See United States v. Harris, 108 F.3d 1107, 1109 (9th Cir. 1997) (FDIC-insured bank is instrumentality of interstate commerce, and § 2113 thus is valid exercise of Congress's Commerce Clause power).

Ineffective assistance claims generally are best presented in 28 U.S.C. § 2255 motions. See United States v. Martinez-Cruz, 186 F.3d 1102, 1105 (8th Cir. 1999). We consider the instant ineffective assistance claim here, however, because the district court addressed the issue by asking counsel at the plea hearing--when Kluver raised a pro se Lopez challenge to the district court's jurisdiction--why counsel had not moved for dismissal of the indictment based on jurisdictional grounds, see United States v. Logan, 49 F.3d 352, 361 (8th Cir. 1995), and by thereafter considering and rejecting the challenge to its jurisdiction. We conclude counsel was therefore not ineffective for failing to raise this argument. See Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir.1994) (counsel's failure to raise meritless issue is not ineffective assistance).

After review of counsel's Anders brief and Kluver's supplemental brief, along with our independent review of the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the district court.

We deny Kluver's motions on appeal for oral argument and to find the government in violation of federal appellate rules.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.