# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1342WM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Western District |
| | * | of Missouri. |
| Henry T. Oberholtz, | * | |
| | * | [Not To Be Published] |
| Appellant. | * | |

_____

Submitted: March 1, 2001

Filed: March 26, 2001

_____

Before RICHARD S. ARNOLD, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.


Henry T. Oberholtz appeals from the final judgment entered in the District Court[1] for the Western District of Missouri upon his guilty plea to attempting to manufacture methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced appellant to 72 months imprisonment and 5 years supervised release. For reversal, appellant argues that (1) the district court erred in applying an enhancement for

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

possessing firearms in connection with the offense, and (2) the government--after moving for a substantial-assistance downward departure, which the court granted--breached the spirit of the plea agreement by bringing to the court's attention adverse information about Oberholtz's conduct while the government was recommending the appropriate extent of departure. For the reasons discussed below, we affirm.

We first conclude that Oberholtz's challenge to the firearm enhancement is unreviewable because the district court departed below the Guidelines range--the statutory minimum of 120 months imprisonment--that would have resulted with or without the enhancement. See United States v. Baker, 64 F.3d 439, 441 (8th Cir. 1995) (allegedly erroneous application of weapon enhancement unreviewable where defendant received sentence below applicable Guidelines range with or without enhancement).

Second, we conclude that the plea agreement--which expressly reserved the government's right to bring to the district court's attention any information about Oberholtz's conduct that was relevant to determining the appropriate extent of the departure--was not breached. Cf. United States v. McKnight, 186 F.3d 867, 869 (8th Cir. 1999) (per curiam) (plea agreement was not breached where government promised to file downward-departure motion, and did so, but also disclosed to district court information regarding defendant's criminal conduct which led court to deny motion).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.