# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1481

_____

United States of America,             *
                                      *
            Appellee,                 *
                                      *    Appeal from the United States
      v.                              *    District Court for the Western
                                      *    District of Missouri.
Ronald Jay Riley,                     *
                                      *         [UNPUBLISHED]
            Appellant.                *

_____

Submitted:  December 23, 2003

Filed: December 30, 2003

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

       Ronald Jay Riley pleaded guilty to conspiring to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846.  The district court[1] sentenced him to 70 months imprisonment and 5 years supervised release.  On appeal, Mr. Riley's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967).

_____

       [1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

After careful review, we find the arguments raised in counsel's <u>Anders</u> brief fail.  The district court did not err by not departing from the Guidelines as Mr. Riley never moved for a departure; he agreed not to seek a departure, <u>see</u> <u>United States v. Nguyen</u>, 46 F.3d 781, 783 (8th Cir. 1995); disparity in codefendants' sentences is not a proper basis for departure, <u>see</u> <u>United States v. McKnight</u>, 186 F.3d 867, 869 (8th Cir. 1999) (per curiam); he presented no evidence indicating his family ties and responsibilities were extraordinary, <u>see</u> <u>United States v. Bieri</u>, 21 F.3d 811, 814, 818 (8th Cir.), <u>cert. denied</u>, 513 U.S. 878 (1994); and there was no basis for granting a substantial-assistance departure as the government never made a motion and there was no evidence that Mr. Riley gave the government any assistance, <u>see</u> <u>United States v. Wolf</u>, 270 F.3d 1188, 1190 (8th Cir. 2001).  The district court did not have the authority to order incarceration at any particular facility as the Bureau of Prisons is solely responsible for that decision.  <u>See</u> 18 U.S.C. § 3621.  We also conclude that any ineffective-assistance claims should be presented (if at all) in a 28 U.S.C. § 2255 motion.  <u>See</u> <u>United States v. Martinez-Cruz</u>, 186 F.3d 1102, 1105 (8th Cir. 1999).

Finally, we have reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and we find no nonfrivolous issues.  Accordingly, we affirm.  We also grant counsel's motion to withdraw, and deny the pending motion for a transfer.

_____