# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2960

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Dale M. Brown, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 22, 2005
Filed: April 27, 2005

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Dale M. Brown appeals the sentence the district court[*] imposed after Brown pleaded guilty to drug and forfeiture charges. Under a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, the court sentenced Brown to 108 months in prison and 4 years supervised release, and ordered forfeiture of $2,306. Brown's counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing Brown's sentence was imposed in violation of his Sixth Amendment rights, and the currency seized from Brown's residence should not have been forfeited

_____

[*]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

or taken into account in calculating drug quantity.  Brown filed a supplemental brief contending that defense counsel was ineffective.

These arguments fail.  First, Brown cannot properly challenge, under <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), or otherwise, the sentence to which he stipulated in his Rule 11(c)(1)(C) plea agreement because he voluntarily exposed himself to a specific punishment.  <u>See</u> 18 U.S.C. § 3742(a)(3), (c); <u>United States v. Nguyen</u>, 46 F.3d 781, 783 (8th Cir. 1995).  Second, Brown voluntarily, knowingly, and intelligently pleaded guilty to the forfeiture count and thus agreed to forfeit the money.  <u>See</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977); <u>United States v. Martinez-Cruz</u>, 186 F.3d 1102, 1104 (8th Cir. 1999).  Finally, Brown's ineffective-assistance claim should be deferred to proceedings under 28 U.S.C. § 2255 in which an appropriate record may be developed.  <u>See</u> <u>United States v. Hughes</u>, 330 F.3d 1068, 1069 (8th Cir. 2003).

Having independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), and finding no nonfrivolous issues, we affirm the district court.  We also grant counsel's motion to withdraw.

_____