# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-3180

_____

United States of America,       *
       *
     Appellee,      *
       *   Appeal from the United States
     v.         *   District Court for the
       *   Northern District of Iowa.
Cesar Ivan Verdinez-Garcia, also   *
known as Ivan Garcia, also known as  *   [UNPUBLISHED]
Cesar Verdinez, also known as Caesar  *
Verdines, also known as Cesar    *
Verdines, also known as Caezar   *
Verdinez, also known as Ivan Caesar  *
Verdines, also known as Ivan Caesar  *
Verdinez,           *
       *
     Appellant.     *

_____

Submitted: June 7, 2005
Filed: June 9, 2005

_____

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Cesar Ivan Verdinez-Garcia ("Verdinez") appeals the judgment the district court[1] entered after he pleaded guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). His counsel has moved to withdraw and filed an amended brief under Anders v. California, 386 U.S. 738 (1967), arguing the sentence imposed was unreasonable because the district court did not adequately consider that Verdinez reentered this country to see his terminally ill father. Verdinez has filed a pro se supplemental brief arguing that he is not guilty and that his plea was coerced, and he has asked for appointment of new counsel.

We conclude that the district court did not abuse its discretion by imposing an unreasonable sentence. See United States v. Booker, 125 S. Ct. 738, 764-67 (2005) (appellate courts should review post-Booker sentences for unreasonableness); United States v. Haack, 403 F.3d 997, 1002-04 (8th Cir. 2005) (discussing standard of review). There is no dispute that the court correctly determined the Guidelines sentencing range, and although the court said little about the sentence it imposed, there is no indication in the record that the court failed to consider the circumstances of Verdinez's reentry–which he brought to the court's attention in the presentence report and at sentencing–when it sentenced him within the Guidelines range. See Haack, 403 F.3d at 1002-04 (sentencing court must first determine appropriate Guidelines range; court must then consider all other 18 U.S.C. § 3553(a) factors to determine whether to impose Guidelines or non-Guidelines sentence; abuse of discretion may occur when court fails to consider relevant factor that should have received significant weight).

Verdinez's pro se arguments also fail. During thorough questioning at the change-of-plea hearing, Verdinez admitted the factual basis for his offense and affirmed that he was pleading guilty voluntarily. See United States v. Martinez-Cruz,

___

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

186 F.3d 1102, 1104 (8th Cir. 1999) (to be constitutionally valid, guilty plea must be knowing, voluntary, and intelligent); Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity).

Having carefully reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, we deny Verdinez's motion for appointment of new counsel, and we affirm the judgment.

_____