# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3128

———————

United States of America,     *
    *
      Appellee,     *
    *    Appeal from the United States
   v.     *    District Court for the
    *    Eastern District of Arkansas.
Richard Durnal,     *
    *      [UNPUBLISHED]
     Appellant.     *

———————

Submitted: July 1, 2005
Filed: July 7, 2005

———————

Before BYE, RILEY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Richard Durnal (Durnal) appeals the judgment the district court[1] entered after he pled guilty to conspiring to manufacture and distribute more than 500 grams of a methamphetamine mixture, in violation of 21 U.S.C. § 846. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the court erred in enhancing Durnal's sentence based on the uncharged fact he possessed a weapon in connection with the drug conspiracy. Durnal has filed a pro

---

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

se supplemental brief arguing his attorney coerced him into pleading guilty and did not properly defend him; and he seeks appointment of new counsel.

Counsel's argument fails. The firearm enhancement was based solely on facts to which Durnal stipulated, resulting in no Sixth Amendment violation. The district court applied the Guidelines as advisory, rather than as mandatory, and the record reflects the district court considered the factors of 18 U.S.C. § 3553(a). We conclude the sentence was not unreasonable. See United States v. Booker, 125 S. Ct. 738, 756, 764-67 (2005).

The pro se arguments also fail. During thorough questioning at the change-of-plea hearing, Durnal admitted the factual basis for his offense and affirmed he was pleading guilty voluntarily. See United States v. Martinez-Cruz, 186 F.3d 1102, 1104 (8th Cir. 1999) (to be constitutionally valid, guilty plea must be knowing, voluntary, and intelligent; because guilty plea constitutes waiver of various constitutional rights, it must be made with sufficient awareness of relevant circumstances and likely consequences); Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity). Any ineffective-assistance claim should be deferred to proceedings under 28 U.S.C. § 2255 in which an appropriate record may be developed. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, we deny Durnal's motion for appointment of new counsel, and we affirm the judgment.

_____