IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 4, 2008

Charles R. Fulbruge III
Clerk

No. 08-40177
Summary Calendar

RICHARD DURNAL

Petitioner-Appellant

v.

PAUL KASTNER, Chief Executive Officer

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:07-CV-134

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Richard Durnal, federal prisoner # 23029-009, appeals the district court's dismissal of his action that he characterized as an independent action in equity. Durnal pleaded guilty in the Eastern District of Arkansas to conspiracy to manufacture and distribute more than 500 grams of methamphetamine. Durnal's conviction was affirmed on direct appeal to the Eighth Circuit. United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Durnal, 138 F. App'x 867, 868 (8th Cir. 2005). Durnal filed a 28 U.S.C. § 2255 motion that was denied.

On appeal to this court, Durnal argues that his guilty plea was coerced and that he did not commit the offense for which he was convicted. He maintains that the district court erred by dismissing his action because he satisfied the essential elements for maintaining an independent action in equity. He contends that he has no adequate remedy at law.

One of the essential elements of an independent action in equity is a showing of the absence of any adequate remedy at law. Bankers Mortgage Co. v. United States, 423 F.2d 73, 79 (5th Cir. 1970). The Supreme Court has further noted that an independent action in equity should be available only to prevent a grave miscarriage of justice. United States v. Beggerly, 524 U.S. 38, 47 (1998). While Durnal makes the conclusional assertion that he was not provided with an adequate remedy at law, he has merely shown that he was not satisfied with the actual result of the at law remedy that he was provided. Durnal's action did not meet the demanding standards for sustaining an independent action in equity.

As Durnal had previously filed a § 2255 motion and had not received permission to file a successive § 2255 motion, the district court did not have jurisdiction to alternatively treat his action as a § 2255 motion. See 28 U.S.C. §§ 2255(h); 2244(a), (b)(3). Because Durnal did not assert that he was convicted of an offense that is nonexistent, his action also did not meet the essential criteria of a claim under 28 U.S.C. § 2241 made in conjunction with the savings clause of § 2255(e). See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Durnal therefore filed an unauthorized action which the district court was without jurisdiction to entertain. See United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994). Durnal has thus appealed from the dismissal of a meaningless,

unauthorized action.  See id.  We affirm on the basis that the district court lacked jurisdiction.  See id.

AFFIRMED.