# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2937
_____

United States of America

*Plaintiff - Appellee*

v.

Brian Eugene Harvey, III, also known as Bino

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: February 19, 2025
Filed: March 5, 2025
[Unpublished]
_____

Before GRUENDER, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Brian Harvey appeals the district court's[1] judgment entered upon his guilty plea to conspiring to distribute fentanyl and possessing a firearm in furtherance of a drug

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

trafficking crime. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the district court's denial of his motion to withdraw his plea. Harvey has filed a supplemental pro se brief, also challenging the court's denial of his motion to withdraw the plea, as well as his convictions.

Upon careful review of the record, we conclude that the guilty plea was knowing and voluntary, and that the district court did not err in denying Harvey's motion to withdraw his plea. See United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008) (appellate court reviews decision to deny motion to withdraw guilty plea for abuse of discretion, and reviews de novo whether plea was knowing and voluntary); United States v. Martinez-Cruz, 186 F.3d 1102, 1104-05 (8th Cir. 1999) (record did not support contention that plea was constitutionally infirm when court conducted colloquy during which defendant confirmed he was not under influence of any substance, understood he had right to plead not guilty and was waiving trial rights by pleading guilty, and was aware of possible punishment for offense). Harvey asserts that his attorney promised him he would be eligible for a safety-valve reduction and be sentenced below the mandatory minimum, but the plea agreement specified that he would not be eligible for a sentence below the mandatory minimum unless the government filed a substantial-assistance motion, and Harvey stated during the plea hearing that nobody had promised him anything beyond what was set out in the plea agreement. See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing "carry a strong presumption of verity" (quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985))); see also United States v. McHenry, 849 F.3d 699, 706 (8th Cir. 2017) ("Allegations that contradict a defendant's statements at the change of plea hearing are inherently unreliable." (quoting United States v. Harris-Thompson, 751 F.3d 590, 603 (8th Cir. 2014))). To the extent Harvey asserts ineffective assistance of counsel as a reason for withdrawing his guilty plea, this claim is refuted by his statements at the plea hearing that he was satisfied with his counsel's advice. See United States v. Trevino, 829

F.3d 668, 672 (8th Cir. 2016) ("[F]ailure to assert objections to counsel's performance at the change-of-plea hearing refutes any claim of ineffective assistance of counsel as a basis for withdrawing the plea.").

Harvey's separate challenge to his convictions on the ground that he was actually innocent is foreclosed by the appeal waiver and his guilty plea. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice; appeal waivers should not be easily voided by courts); see also Walker v. United States, 115 F.3d 603, 604 (8th Cir. 1997) (valid guilty plea waives non-jurisdictional defects, and forecloses attack on conviction unless on face of record court lacked power to enter conviction or impose sentence). To the extent he also raises an ineffective-assistance claim to challenge his convictions, we decline to review it, as the record is undeveloped. See United States v. Long, 721 F.3d 920, 926 (8th Cir. 2013) (generally, ineffective assistance of counsel claims are better left for post-conviction proceedings; appellate court will not hear ineffective assistance claims on direct appeal unless record is fully developed, failure to act would be a plain miscarriage of justice, or counsel's errors are readily apparent).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we affirm the district court's order denying Harvey's motion to withdraw his guilty plea, dismiss the remainder of the appeal, and grant counsel's motion to withdraw.

_____