# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2022

_____

United States of America,

      Appellee,

v.

Larry D. Hughes,

      Appellant.

\*      Appeal from the United States
\*      District Court for the
\*      Western District of Missouri.

_____

Submitted: February 11, 2003
Filed: June 6, 2003

_____

Before HANSEN,[1] Chief Judge, LOKEN and SMITH, Circuit Judges.

_____

HANSEN, Circuit Judge.

A jury found Larry D. Hughes guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Defense counsel did not object to the presentence report (PSR), which recommended that Hughes's offense level be reduced by two levels for acceptance of responsibility under U.S. Sentencing Guidelines

---

[1]The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

Manual § 3E1.1(a) because he went to trial to assert and preserve issues that did not relate to his factual guilt.

The district court[2] adopted the PSR, resulting in a Guidelines imprisonment range of twenty-one to twenty-seven months, and sentenced Hughes to twenty-four months in prison and three years of supervised release. In this direct appeal, Hughes makes one argument: trial counsel was ineffective for failing to request an additional one-level acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1(b)(1) because, when Hughes was interviewed shortly after police recovered two firearms from his apartment, he admitted to police that he owned the guns and had traded drugs for them. If Hughes had received an additional one-level reduction, his Guidelines imprisonment range would have been eighteen to twenty-four months.

When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings. "Except where a miscarriage of justice would obviously result or the outcome would be inconsistent with substantial justice, ineffective assistance of counsel issues are more appropriately raised in collateral proceedings because they normally involve facts outside the original record." United States v. Woods, 270 F.3d 728, 730 (8th Cir. 2001), cert. denied, 535 U.S. 948 (2002). We see no reason to deviate from our usual rule in this case because Hughes "raised no claim of ineffective assistance of counsel in the district court, the record is undeveloped in this regard, and justice does not beckon us to consider his claim on direct review." Id. "We consequently reject the claim without prejudice to his right to raise it in collateral proceedings," id., where the district court can evaluate Hughes's police interview to determine if he "timely provid[ed] complete information to the government" within the meaning of § 3E1.1(b)(1), trial counsel can be questioned to determine why he did not seek the

_____

[2] The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

2

additional one-level reduction, and the district court can consider whether it would have imposed the same twenty-four-month prison term under either Guidelines range.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.