# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2796

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Nancy E. Queen, | * | Western District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: March 4, 2004

Filed: March 25, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Nancy Queen pleaded guilty to conspiring to possess and distribute pseudoephedrine, having reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(c)(2) and 846. The district court[1] departed downward from the Guidelines and sentenced Queen to time served and 3 years supervised release. On appeal, Queen's counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967). In lengthy pro se

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

submissions, Queen contends she received ineffective assistance of counsel because her indictment would have been dismissed outright under the Interstate Agreement on Detainers if her counsel had so moved. Queen seeks to supplement the record with exhibits in which she reiterates her ineffective-assistance claim. The government has moved to dismiss the appeal based on an appeal waiver in the plea agreement.

We find that Queen's appeal should not be dismissed based on the appeal waiver, because the waiver in the plea agreement specifically permits Queen to challenge her conviction on ineffective-assistance grounds. To the extent Ms. Queen challenges her conviction on grounds other than ineffective assistance of counsel, we conclude that those arguments are waived by the plea agreement. Cf. United States v. Andis, 333 F.3d 886, 889-91 (8th Cir.) (en banc) (appellate court may dismiss appeal if it falls within scope of appeal waiver), cert. denied, 124 S. Ct. 501 (2003). We decline to address Queen's ineffective-assistance claim, which should be raised-- if at all--in collateral proceedings under 28 U.S.C. § 2255. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003) (ineffective-assistance claims should be deferred to § 2255 proceedings unless miscarriage of justice would obviously result, or outcome would be inconsistent with substantial justice); United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998) (claim that ineffective assistance of counsel tainted defendant's guilty plea should be raised in § 2255 motion and not on direct appeal); cf. United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) (prisoner on supervised release is "in custody" for purposes of filing § 2255 motion).

We have carefully reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm. We deny all other pending motions, including the petition for a writ of mandamus.

_____