# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1960

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Michael Tucker, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 25, 2006
Filed: April 27, 2006

_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Michael Tucker appeals the sentence the district court[1] imposed after he pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. In a brief filed under Anders v. California, 386 U.S. 738 (1967), counsel argues that Tucker's 70-month prison sentence, imposed upon the district court's consideration of an advisory Guidelines imprisonment range of 70-87 months, is

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

unreasonable, and that Tucker should instead have been sentenced to the 60-month statutory minimum. Tucker, in his pro se submissions, asserts that despite his cooperation he was sentenced to 70 months of imprisonment, that his sentence was enhanced based on prior crimes committed over 10 years earlier, and that his counsel misled him and "scared" him into pleading guilty. He pleads for sentencing leniency.

The sentence imposed comports with the parties' plea agreement and the unobjected-to calculations in the presentence report, and Tucker points to nothing in the record to rebut the presumption that his sentence is reasonable. See United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (sentence within Guidelines range is presumptively reasonable, and defendant must rebut such presumption), cert. denied, 126 S.Ct. 840 (2005). Further, the district court demonstrated its awareness of the 18 U.S.C. § 3553(a) factors, and showed leniency by sentencing Tucker at the bottom of the advisory Guidelines range.

Tucker's pro se contentions are similarly without merit. First, interpreting Tucker's argument as a complaint that the government failed to move for a downward departure based on his cooperation, we note that the plea agreement preserved the government's right to determine in its sole discretion whether any substantial-assistance departure motions would be filed based on Tucker's cooperation, and on appeal Tucker does not attribute an unconstitutional motive to the government's decision not to make the motion in his case. See United States v. Romsey, 975 F.2d 556, 557-558 (8th Cir. 1992). Second, our review of the record indicates that the district court did not commit plain error (or any error) in calculating Tucker's criminal history points, because only sentences imposed within 10 years of the commencement of the instant offense were counted. See U.S.S.G. § 4A1.2(e)(2) (applicable time period for computing criminal history); United States v. Caballero, 420 F.3d 819, 823 (8th Cir. 2005) (appellate court may exercise discretion to notice plain error first raised on appeal), petition for cert. filed, No. 05-8997 (Jan. 30, 2006).

Finally, any claim of ineffective assistance of counsel or an involuntary guilty plea is not properly before us in this direct criminal appeal. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003) (ineffective assistance); United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990) (involuntary plea). After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues.

Accordingly, we affirm the judgment of the district court.

_____