# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1647

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jerome Daniels, | * | District of Nebraska. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: May 3, 2007
Filed: May 8, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jerome Daniels appeals his conviction and 240-month sentence imposed by the district court[1] after he pleaded guilty to distributing a tenth of a gram of cocaine base, in violation of 21 U.S.C. § 841, and after a jury found him guilty of a conspiracy to distribute and possess with intent to distribute at least 500 grams but less than 1.5 kilograms of cocaine base, in violation of 21 U.S.C. §§ 841 and 846.  In a brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), counsel challenges the sufficiency

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

of the evidence for the conspiracy conviction and the drug-quantity finding, and the reasonableness of the sentence.

Following careful review, see United States v. Johnson, 470 F.3d 1234, 1237 (8th Cir. 2006) (evidence must be viewed in light most favorable to government, accepting all reasonable inferences that support jury's verdict, and court must affirm as long as evidence would allow reasonable-minded jury to find defendant guilty beyond reasonable doubt), and leaving witness-credibility assessments to the jury, see United States v. Falcon, 477 F.3d 573, 579 (8th Cir. 2007), we conclude there was ample evidence of at least a tacit understanding among coconspirators to achieve an illegal purpose, see United States v. Judon, 472 F.3d 575, 582 (8th Cir. 2007); Johnson, 470 F.3d at 1237. Specifically, the testimony of Officer Jeffrey Gassaway, the cooperating witnesses, and Daniels himself established that Daniels purchased from his associates, over a long period of time, small quantities of crack cocaine to resell. We also hold that a reasonable jury could have concluded beyond a reasonable doubt that Daniels was responsible for more than 500 grams of cocaine base. See Johnson, 470 F.3d at 1239. Further, the 240-month sentence imposed by the district court, which constituted a significant downward variance from the 360-months-to-life advisory Guidelines range, was not unreasonably long in light of the 18 U.S.C. § 3553(a) factors. See United States v. Booker, 543 U.S. 220, 261-64 (2005) (standard of review).

Turning to Daniels's pro se arguments, ineffective-assistance claims are more properly raised in a 28 U.S.C. § 2255 proceeding, where the record can be developed. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003). In addition, we find no abuse of discretion in the district court's denial of Daniels's motion for grand jury transcripts, given his failure to make any showing in support of his request for them. See Fed. R. Crim. P. 6(e)(3)(E); United States v. Warren, 16 F.3d 247, 253 (8th Cir. 1994) (bare allegation that grand jury records are necessary did not satisfy "particularized need" requirement); United States v. Broyles, 37 F.3d 1314, 1318 (8th

Cir. 1994) (standard of review). Likewise, we find no abuse of discretion, much less plain error, in the admission of the coconspirators' testimony, which was not objected to and was not hearsay. <u>See</u> Fed. R. Evid. 801(d)(2)(D) (out-of-court statement is not hearsay if it is offered against defendant and is statement of defendant's coconspirator in furtherance of conspiracy); Fed. R. Crim. P. 52(b) (unobjected-to error); <u>United States v. McKay</u>, 431 F.3d 1085, 1093-94 (8th Cir. 2005) (finding no abuse of discretion in admission of coconspirator's statements), <u>cert. denied</u>, 126 S. Ct. 2345 (2006). Daniels's remaining contentions about improper remarks by the district court and the prosecutor are meritless.

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no other nonfrivolous issues. Accordingly, we affirm the judgment of the district court. We grant Daniels's motion to add to his supplemental brief, and we deny his other pending motion.

_____