# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 06-2344

—————

United States of America,

    Appellee,

  v.

Kermit Billy Comstock,

    Appellant.

*
*
*
*
 Appeal from the United States
* District Court for the
* Eastern District of Arkansas.
*
* [UNPUBLISHED]
*

—————

Submitted: May 29, 2007
Filed: May 30, 2007

—————

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

—————

PER CURIAM.

  Kermit Billy Comstock appeals the 18-month prison sentence imposed by the district court[1] upon his guilty plea, entered pursuant to a written plea agreement, to one count of possessing pseudoephedrine knowing it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in failing to find that there was a sufficient factual basis upon which to accept the guilty plea, as required by Federal Rule of Criminal Procedure 11(b)(3). Counsel also

—————————————

  [1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

moves to withdraw. Comstock has filed a pro se supplemental brief, which lists four "facts" that we construe as arguments. One of the arguments appears to be a claim of ineffective assistance of counsel, but this direct criminal appeal is not the proper vehicle to raise such an argument; rather, an ineffective-assistance argument should be raised (if at all) in a 28 U.S.C. § 2255 proceeding, where the record can be properly developed. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003). Comstock's remaining arguments are refuted by his sworn plea-hearing testimony, cf. Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."), or are irrelevant to the legitimacy of his conviction and sentence.

As to the Anders brief argument, we conclude that the district court complied with Rule 11(b)(3): the government recited what its evidence would prove with respect to the charge against Comstock, Comstock agreed that the government's recital of the evidence was substantially correct, and the evidence showed that Comstock had assisted others in manufacturing methamphetamine by providing pseudoephedrine and acting as a lookout, and that he had possessed pseudoephedrine and other methamphetamine-manufacturing tools at the time of his arrest. See United States v. Brown, 331 F.3d 591, 594 (8th Cir. 2003) (factual basis for plea of guilty is established when court determines there is sufficient evidence at time of plea upon which court may reasonably determine that defendant likely committed offense; this determination is satisfied if transcript describes acts to which defendant pleaded guilty); cf. United States v. McFadden, 238 F.3d 198, 200-01 (2d Cir. 2001) (factual basis sufficiently established where court paraphrased indictment, defendant admitted conduct described therein, and court confirmed defendant's understanding of plea agreement).[2]

---

[2]Moreover, Comstock did not object below and there is no indication that his decision to plead guilty was affected by any possible error under Rule 11(b)(3). See United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004) (defendant seeking reversal based on Rule 11 plain error must show reasonable probability that, but for error, he would not have entered plea).

After reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and finding no non-frivolous issues, we affirm the judgment of the district court and grant counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____