# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2557

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Avelino Sanchez-Vargas, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 5, 2007
Filed: July 10, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Avelino Sanchez-Vargas (Sanchez-Vargas) appeals the sentence the district court[1] imposed following his guilty plea to possessing with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Sanchez-Vargas's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the district court erred by sentencing Sanchez-Vargas to 120 months' imprisonment. In a pro se submission to this court, Sanchez-Vargas asks for a reduced sentence, and maintains that at sentencing, the

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

district court reinstated his right to appeal. Sanchez-Vargas also appears to argue his counsel was ineffective.

Initially, we note Sanchez-Vargas's argument regarding counsel is not properly before us in this direct criminal appeal. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003) (stating an ineffective-assistance claim typically should be raised in 28 U.S.C. § 2255 proceedings). As to the remaining arguments, we enforce the broad appeal waiver included in Sanchez-Vargas's plea agreement and dismiss this appeal. The plea colloquy reflects Sanchez-Vargas understood and voluntarily accepted the terms of the plea agreement, including the waiver; this appeal falls within the scope of the waiver; and no injustice would result. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing the enforceability of an appeal waiver); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in an Anders case). The district court's advice at sentencing that Sanchez-Vargas had to file a notice of appeal within ten days if he thought there was a basis to appeal does not affect the validity of the appeal waiver. Cf. United States v. Michelsen, 141 F.3d 867, 871-72 (8th Cir. 1998) (concluding a court's statement at the sentencing hearing that the defendant had a right to an appeal did not render the appeal waiver invalid, because the record otherwise indicated the defendant understood he had waived his right to appeal).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues falling outside the scope of the appeal waiver. We affirm Sanchez-Vargas's sentence, dismiss the appeal, and grant counsel's motion to withdraw.

_____