# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4450

_____

United States of America,

        Appellee,

v.

Elexis Clayborn,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Missouri.
\*  [UNPUBLISHED]
\*
\*

_____

Submitted:  October 3, 2007
Filed:  October 4, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Elexis Clayborn appeals the sentence the district court[1] imposed after she pleaded guilty to possession of counterfeit securities and identity fraud. In a brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), her counsel questions whether the court erred in not imposing a more lenient sentence. In a pro se brief, Clayborn asserts that her counsel was ineffective, that the district court erred in accepting the plea agreement because she did not understand the nature of the charge, that the court erred in accepting the presentence report (PSR) with no corrections, that the

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

calculations in the PSR were erroneous, and that the court erred in imposing restitution.

Clayborn entered her guilty plea pursuant to a plea agreement in which she waived her right to bring a direct appeal, and her right to bring a 28 U.S.C. § 2255 challenge on any ground other than prosecutorial misconduct or ineffective assistance of counsel. We will enforce the appeal waiver here. The record reflects that Clayborn understood and voluntarily accepted the terms of the plea agreement, including the appeal waiver; the direct appeal falls within the scope of the waiver; and no injustice would result. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waiver); United States v. McIntosh, 492 F.3d 956, 960 (8th Cir. 2007) (concluding appeal waiver was knowing and voluntary when it was included in plea agreement, court questioned defendant about his understanding of waiver, and defendant did not argue on appeal that waiver was unknowing or involuntary). Claims based on ineffective assistance of counsel may be raised in section 2255 proceedings. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), for any nonfrivolous issue not covered by the waiver, we find none. Accordingly, we dismiss the appeal, and we grant counsel's motion to withdraw.

_____