# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3488

_____

United States of America,    *
                             *
            Appellee,        *
                             *    Appeal from the United States
    v.                       *    District Court for the
                             *    Southern District of Iowa.
Robert Jon Lucas,            *
                             *    [UNPUBLISHED]
            Appellant.       *

_____

Submitted: December 21, 2007
Filed: December 28, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Robert Jon Lucas pleaded guilty to manufacturing a methamphetamine mixture, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court[1] sentenced him below the applicable advisory Guidelines range to 180 months in prison and 6 years of supervised release. On appeal, his counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967). In pro se filings, Lucas maintains that, under United States v. Booker, 543 U.S. 220 (2005), his Fifth and Sixth

_____

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

Amendment rights have been violated, and he appears to assert a claim of ineffective assistance of counsel. For the following reasons, we affirm.

To begin, we decline to consider any ineffective assistance claim that Lucas may be raising. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003) (claims of ineffective assistance ordinarily should be brought under 28 U.S.C. § 2255 because they normally involve facts outside original record). As to Lucas's assertions of Booker error, we conclude that the district court properly recognized the advisory nature of the Guidelines, as evidenced by the downward variance Lucas received. See Booker, 543 U.S. at 233-37, 245, 258-59 (Sixth Amendment problem resulting from mandatory nature of Guidelines remedied by making Guidelines advisory). We further conclude that the 180-month sentence is not unreasonable--and the district court did not abuse its discretion--because the court considered appropriate factors under 18 U.S.C. § 3553(a), such as the Guidelines imprisonment range, the nature and circumstances of Lucas's background, his relevant conduct, and his drug addiction; the court did not consider an improper or irrelevant factor, fail to consider a relevant factor, or make a clear error of judgment in weighing appropriate factors; and the court clearly and reasonably determined that the circumstances justified only a "slight variance" from the applicable Guidelines range. See 18 U.S.C. § 3553(a)(1), (4)(A); Gall v. United States, No. 06-7949, 2007 WL 4292116 at * 7 (U.S. Dec. 10, 2007) (abuse-of-discretion review standard applies to appellate review of all sentencing decisions whether inside or outside Guidelines range); Rita v. United States, 127 S. Ct. 2456, 2468-69 (2007) (inferring district court's reasoning from context and examination of whole record); Booker 543 U.S. at 264 (courts of appeals review sentencing decisions for unreasonableness); United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (stating ways in which abuse of discretion may occur).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the district court's judgment, we deny Lucas's pending motions, and we grant counsel's motion to withdraw on the

condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____