# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2033

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Michael A. Bryan, also known as | * | |
| bigdog64085, also known as | * | [UNPUBLISHED] |
| bandit64085, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 7, 2008
Filed: March 26, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Michael A. Bryan appeals the sentence imposed on him by the district court[1] after he pleaded guilty to a child-pornography charge, in violation of 18 U.S.C. § 2252(a)(2). In a brief filed under Anders v. California, 386 U.S. 738 (1967), Bryan's counsel seeks to withdraw and questions whether the sentence – imposed at the bottom of the applicable Guidelines range – is reasonable, and whether the district

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

court erred by not allowing Bryan to self-surrender. Bryan has filed a supplemental brief asserting that he received ineffective assistance of counsel during his criminal proceeding, including at sentencing, and he also appears to deny the truth of unobjected-to facts reported in the PSR.

Bryan's written plea agreement contains a waiver of his right to appeal his sentence, directly or collaterally. We find the appeal waiver to be valid and we therefore enforce it. The plea-hearing transcript shows that Bryan entered into the plea agreement and the appeal waiver knowingly and voluntarily, and we can perceive no injustice that would result from enforcing the waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforcibility of appeal waiver; United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case). Thus, we do not review the arguments raised in Bryan's pro se supplemental brief or counsel's argument that Bryan's sentence is unreasonable.[2]

To the extent that the issue of self-surrender is not covered by the appeal waiver, we conclude that the district court did not err in ordering Bryan detained following sentencing. See 18 U.S.C. §§ 3143(b)(1), 3145(c). Finally, after conducting an independent review under Penson v. Ohio, 488 U.S. 75, 80 (1988), of any matters not covered by the appeal waiver, we find that there are no nonfrivolous issues.

Accordingly, we affirm. We grant counsel leave to withdraw, subject to the condition that counsel promptly comply with the requirements of Part V of this

---

[2]Regardless of any appeal waiver, we decline to consider the ineffective-assistance claim. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003) (ineffective-assistance claims should ordinarily be brought in 28 U.S.C. § 2255 proceeding because they normally involve facts outside original record).

Court's Plan to Implement the Criminal Justice Act by advising his client of the procedures for filing a petition for writ of certiorari pro se.

_____