# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3876

_____

United States of America,
        Appellee,

v.

Phillip Kelly,
        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: June 5, 2009
Filed: July 30, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Phillip Kelly appeals the sentence imposed by the district court[1] after he pleaded guilty to drug and firearm offenses. Pursuant to Anders v. California, 386 U.S. 738 (1967), Kelly's counsel has moved to withdraw, and has filed a brief in which he suggests that the sentence (the statutory minimum) could have been more lenient. In a pro se supplemental brief, Kelly argues that he received ineffective assistance of counsel. For the reasons discussed below, we dismiss this appeal.

_____

[1] The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

Kelly entered his guilty plea pursuant to a plea agreement in which he waived his right to appeal his sentence if the court sentenced him consistently with the plea-agreement stipulations. We will enforce the appeal waiver here. The court sentenced Kelly consistently with the plea agreement, and the record reflects that he understood and voluntarily accepted the terms of his plea agreement, including the appeal waiver. Further, the Anders-brief argument falls within the scope of the waiver, and no injustice would result from enforcing it. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waiver); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case). As to Kelly's pro se argument, ineffective-assistance claims are more appropriately raised in proceedings under 28 U.S.C. § 2255, see United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).[2]

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), for any nonfrivolous issue not covered by the waiver, we find none. Accordingly, we dismiss the appeal, and we grant counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____

_____

[2]Kelly preserved the right to bring ineffective-assistance claims in postconviction proceedings.