# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2763

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Carolyn M. Green, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 3, 2009
Filed: October 9, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Carolyn M. Green appeals the 48-month prison sentence the district court[1] imposed after she pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Her counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence was unreasonably harsh. Green has filed a pro se supplemental brief and other filings.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Green pleaded guilty pursuant to a plea agreement that contained a waiver of her right to appeal her conviction and sentence. We will enforce the waiver. The record reflects that Green understood and voluntarily accepted the terms of the plea agreement, including the appeal waiver; this appeal falls within the scope of the waiver; and we conclude that no injustice would result from enforcing it. See United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waiver); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case). Green's pro se arguments do not provide a basis for setting aside the appeal waiver, and we decline to consider any ineffective-assistance claim she may be asserting. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003) (ineffective-assistance claims should ordinarily be brought in 28 U.S.C. § 2255 proceeding because they normally involve facts outside original record).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal beyond the scope of the waiver. Therefore, we dismiss the appeal, and grant counsel's motion to withdraw.

_____