# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1237

_____

United States of America,          *
                                    *
            Appellee,               *
                                    *    Appeal from the United States
      v.                            *    District Court for the
                                    *    Eastern District of Missouri.
Byron Lamar Jackson,                *
                                    *    [UNPUBLISHED]
            Appellant.              *

_____

Submitted:  December 7, 2009
Filed:  December 28, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Byron Jackson appeals the 24-month sentence the district court[1] imposed upon revoking his supervised release. Counsel has moved to withdraw and has filed a brief challenging the district court's jurisdiction in light of the delay before Jackson's initial appearance, and challenging the reasonableness of Jackson's sentence. Jackson has filed a pro se supplemental brief citing Fed. R. Crim. P. 32.1 to support the jurisdictional challenge, arguing that the underlying revocation warrant was invalid, and claiming that counsel has been ineffective.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

First, we conclude that the district court had jurisdiction to revoke Jackson's supervised release because the warrant was issued before Jackson's term of supervised release had expired. See 18 U.S.C. § 3583(i) (court has jurisdiction to revoke supervised release so long as "before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation."); United States v. Hacker, 450 F.3d 808, 815 (8th Cir. 2006) (district court had jurisdiction to revoke supervised release where warrant issued one day before supervised-release term expired). We also hold that Fed. R. Crim. P. 32.1(a)(1) (person in custody for violating supervised release must be taken without unnecessary delay before magistrate) does not apply in this case because Jackson was already in custody for the federal drug crime when the court issued the warrant for violating his supervised release. See United States v. Pardue, 363 F.3d 695, 697-98 (8th Cir. 2004) (Rule 32.1 applies "only to those individuals in custody solely for the violation of probation or supervised release," and exists to protect probationer from undue incarceration (citations omitted)).

Second, we hold that Jackson's 24-month revocation sentence was not an abuse of discretion. See United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995) (standard of review). Jackson's initial money-laundering offense was a Class C felony, and thus he was subject to a sentence of up to 24 months in prison upon revocation of his supervised release. See 18 U.S.C. §§ 1956(a)(1)(B)(i) (laundering of monetary instruments; authorizing 20 years imprisonment), 3559(a)(3) (offense is Class C felony if maximum imprisonment is at least 10 but less than 25 years), 3583(e)(3) (authorizing up to 2 years imprisonment upon revocation of supervised release where initial offense is Class C felony). Moreover, Jackson's 24-month revocation sentence fell within the advisory Guidelines range based on his Category III criminal history and Grade A violation, see U.S.S.G. § 7B1.4(a), p.s. (revocation table), and it was imposed after a proper consideration of relevant factors under 18 U.S.C. § 3553(a), see 18 U.S.C. § 3583(e) (permitting revocation of supervised release and re-imprisonment after considering specified factors in § 3553(a), including (a)(2)(c) (need to protect public from crimes).)

Third, we note that the revocation petition did not have to be supported by an oath or affirmation because it referenced Jackson's federal indictment for drug crimes which formed the basis for the supervised release violation. See Hacker, 450 F.3d at 815-16 (no Fourth Amendment violation where petition to revoke supervised release was not supported by oath or affirmation but referenced indictment on which violation was based).

Finally, we decline to consider Jackson's ineffective-assistance claim. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003) (ineffective-assistance claim is more properly reviewed in habeas proceedings).

Accordingly, we affirm. We grant counsel's motion to withdraw, but direct that counsel advise Jackson of the procedures for filing a pro se petition for rehearing and petition for writ of certiorari.

_____