# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2272

_____

United States of America,

        Appellee,

        v.

David D. Ingram, also known as L. A.
Ingram, also known as Elroy,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*   [UNPUBLISHED]
\*
\*

_____

Submitted: January 4, 2012
Filed: January 9, 2012

_____

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

David Ingram brings this appeal following entry of judgment by the district court[1] revoking his supervised release and sentencing him to serve two years in prison. For reversal, he argues that the court lacked jurisdiction to revoke his supervised release after the term had expired; that the court clearly erred in finding that he violated his supervised release; and that he received ineffective assistance of counsel.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

We reject these arguments. The district court had jurisdiction to revoke supervised release, because the court issued a warrant to arrest Ingram for alleged violations of his supervised release before his term had expired. See 18 U.S.C. § 3583(i). Further, upon careful review, we conclude that the district court did not clearly err in finding by a preponderance of the evidence presented at the revocation hearing that Ingram illegally possessed a firearm and distributed a controlled substance, which violated his supervised release conditions. See United States v. Tyndall, 521 F.3d 877, 882 (8th Cir. 2008). Finally, the ineffective-assistance claim is undeveloped and not properly before us. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____