# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2454

_____

United States of America,

*Plaintiff - Appellee,*

v.

Curtis J. Cole,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Arkansas - El Dorado

_____

Submitted: February 5, 2015
Filed: February 9, 2015
[Unpublished]

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Curtis Cole directly appeals after he pled guilty to a drug-related charge, and the district court[1] sentenced him to a prison term at the low end of the calculated

_____

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

Guidelines range. His counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), acknowledging an appeal waiver in Cole's plea agreement, and otherwise challenging Cole's sentence. Cole has moved for appointment of new counsel, asserting that he received ineffective assistance of counsel.

Upon careful de novo review, we conclude that the appeal waiver in the plea agreement is enforceable because this appeal falls within the scope of the waiver, Cole entered into both the plea agreement and the appeal waiver knowingly and voluntarily, and no miscarriage of justice will result from enforcing the appeal waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waivers). To the extent Cole has attempted to assert an ineffective-assistance claim on direct appeal, we decline to consider it. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) (appellate court ordinarily defers ineffective-assistance claims to 28 U.S.C. § 2255 proceedings). In addition, having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no non-frivolous issues outside the scope of the appeal waiver.

Accordingly, we dismiss this appeal based upon the appeal waiver, we grant counsel's motion for leave to withdraw, and we deny Cole's motion for appointment of new counsel.

_____