# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2948

_____

United States of America

*Plaintiff - Appellee*

v.

James Howard Haney

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 16, 2016
Filed: February 23, 2016
[Unpublished]

_____

Before LOKEN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

While James Haney was concurrently serving two periods of supervised release on federal criminal sentences for drug-trafficking and counterfeiting, his probation officer reported alleged violations of the release conditions in both cases. After hearing evidence and argument during initial and continued supervised-release

revocation hearings, the district court[1] found that Haney had committed the violations, revoked supervised release in both cases, and imposed two consecutive 11-month prison sentences and no additional supervised release. Haney appeals.

Upon careful review, we find no merit in the arguments for reversal. First, Haney argues that the district court never verbally imposed supervised release on him in the drug-trafficking case, but he cannot collaterally attack the validity of a supervised release term on appeal from the revocation of that term. See United States v. Miller, 557 F.3d 910, 913 (8th Cir. 2009). Second, he insists the court clearly erred in finding true the probation officer's allegations that Haney had used a controlled substance, but he has not offered a compelling reason to challenge the court's reliance on the multiple sweat-patch test results supporting the court's finding. See United States v. Black Bear, 542 F.3d 249, 252 (8th Cir. 2008) (standard of review); United States v. Meyer, 483 F.3d 865, 869-70 (8th Cir. 2007). Third, he complains of the court's decision to disallow the results of a polygraph test, but this decision was not an abuse of discretion. See Ortega v. United States, 270 F.3d 540, 548 (8th Cir. 2001); United States v. Grimes, 54 F.3d 489, 493 (8th Cir. 1995) (standard of review). Fourth, he faults his attorney for not hiring a biochemist, but this claim of ineffective assistance of counsel is not appropriate for consideration in this direct appeal. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003). Finally, the district court considered relevant 18 U.S.C. § 3553(a) factors in imposing the revocation sentences, and therefore we reject Haney's arguments that his revocation sentences are substantively unreasonable. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

The judgment is affirmed, and we grant counsel leave to withdraw.

_____

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.