# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4172

_____

|  |  |  |
|---|---|---|
| United States of America, | * * * | |
| Appellee, | * * | Appeal from the United States District Court for the |
| v. | * * | District of South Dakota. |
| Mark Weaver, | * * * | [UNPUBLISHED] |
| Appellant. | * * | |

_____

Submitted: November 12, 2007
Filed: November 27, 2007

_____

Before MURPHY, HANSEN, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Pursuant to a plea agreement, Mark Weaver pleaded guilty to one count of possession with intent to distribute methamphetamine. See 21 U.S.C. § 841(a)(1). At the plea hearing, Weaver objected to the drug quantity as stated in the plea agreement, and the Government permitted him to plead to the crime of possession with intent to distribute with the understanding that the Government would prove the quantity at sentencing. Prior to the completion of the sentencing hearing, Weaver sought to withdraw his plea on several grounds. Following a hearing, the district

court[1] denied Weaver's motion to withdraw, finding that Weaver had knowingly and voluntarily entered his guilty plea, that the motion to withdraw had no merit, and that Weaver was attempting to mislead the court. At the continued sentencing hearing, the district court determined the drug quantity and concluded that Weaver had lied to the court on several occasions. The district court imposed a Guidelines sentence of 150 months.

Weaver appeals the district court's denial of his motion to withdraw his guilty plea, asserting that his counsel was ineffective in advising him that he would receive a three-year sentence, failing to allow him adequate time to read and review the plea agreement, failing to explain the reference to Rule 35, and failing to make all of the objections he requested. Weaver also asserts that his plea was induced by undue duress because the Government threatened to prosecute his fiancee, that his ability to understand was impaired by medication and his emotional state, and that he was factually innocent of possession with intent to distribute. The Government argues that the appeal should be dismissed because Weaver waived his right to appeal.

The plea agreement contained a provision waiving, among other things, "any right to appeal any and all motions, defenses, probable cause determinations, and objections which he has asserted or could assert to this prosecution, and to the Court's entry of judgment against him." (Appellant's Add. II at ¶ 14.) When reviewing an appeal waiver, we must determine whether the issue appealed falls within the scope of the waiver, whether both the plea agreement and the waiver were knowingly and voluntarily entered, and whether enforcing the waiver would result in a miscarriage of justice. United States v. McIntosh, 492 F.3d 956, 959 (8th Cir. 2007); United States v. Andis, 333 F.3d 886, 889-90 (8th Cir.) (en banc), cert. denied, 540 U.S. 997 (2003). Weaver's motion to withdraw his guilty plea falls squarely within the scope

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

of his limited appeal waiver, but we must nevertheless confirm that he knowingly and voluntarily entered into the plea agreement. See Andis, 333 F.3d at 890 ("A defendant must enter into a plea agreement and waiver knowingly and voluntarily for these agreements to be valid."). Furthermore, we will "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." Id. at 891.

The record reveals that at the original plea hearing, the district court clearly advised Weaver of the rights he would be waiving by entering a guilty plea, the maximum penalties involved, and the advisory nature of the United States Sentencing Guidelines, as well as the fact that the Guidelines "may call for a longer sentence than what you talked about with [your attorney]." (Change of Plea Hr'g Tr. at 9.) Weaver stated that he had read and understood the agreement and that he understood that he was giving up his appeal rights, with the limited exception of a sentence that is outside the advisory Guidelines range. The district court advised Weaver that the ultimate sentence would be based on the advisory Guidelines range, the statutory factors, the evidence, the court's fact-findings, and the presentence investigation report (PSR). The district court judge clearly indicated he was not bound by the recommendations of counsel. In response to the district court's questions, Weaver indicated that neither he nor anyone else had been threatened to get him to plead guilty, that no one had promised him what sentence he would receive if he pleaded guilty, that he was entering the plea voluntarily, that he had enough time to talk with his attorney about it, and that he was "[m]ore than" satisfied with his attorney's advice and representation. (Id. at 14.)

Although Weaver contradicted almost all of these representations at the hearing on his motion to withdraw the plea, the district court concluded that this testimony was not credible and that his statements at the original change of plea hearing sufficiently indicated that his plea was entered into voluntarily and knowingly. (See Motion to Withdraw Plea Hr'g Tr. at 35-38.) The district court's credibility determination made after a hearing on the merits of a motion "is virtually unassailable

on appeal." United States v. Frencher, No. 06-3533, 2007 WL 2873680, at *1 (8th Cir. Oct. 4, 2007) (internal marks omitted).  Our review of the record convinces us that Weaver knowingly and voluntarily entered into the plea agreement. Additionally, the record does not indicate that a miscarriage of justice would result from enforcing the plea agreement and the appeal waiver.

To the extent Weaver raises claims based on ineffective assistance of counsel, we see no reason to depart from our usual rule requiring such claims to be raised in a subsequently filed 28 U.S.C. § 2255 proceeding where the record can be properly developed.  See United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006) (noting this court will consider ineffective assistance claims on direct appeal only where the record has been fully developed, to avoid a miscarriage of justice, or "where counsel's error is readily apparent"); United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).

Accordingly, we dismiss the appeal.

_____