# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3365

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Randal G. Jennings, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 23, 2011
Filed: December 2, 2011

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Under a written plea agreement containing an appeal waiver, Randal Jennings pleaded guilty to commercial sex trafficking of children, in violation of 18 U.S.C. §§ 1591 and 1594(a). The district court[1] accepted the guilty plea and sentenced Jennings to 262 months in prison, 15 years of supervised release, and a $100 special assessment. The district court also issued a separate order denying the government's restitution request.

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

Jennings appealed, and the government moved to dismiss Jennings's appeal based on the terms of the appeal waiver. Jennings opposed the motion, arguing that an exception to the appeal waiver applied. We now grant the motion to dismiss the appeal.

I.

On February 5, 2009, Jennings was charged in a thirteen-count federal indictment with commercial sex trafficking of children, obtaining children for producing child pornography, inducing children to engage in sexually explicit conduct for production of visual depictions, transporting children in interstate commerce for prostitution, and advertising and publishing a notice of images involving the sexual exploitation of children. On July 16, 2009, as part of a plea agreement, Jennings entered a guilty plea to a one-count information charging him with commercial sex trafficking of children.

Jennings's plea agreement included a conviction appeal waiver and a sentencing appeal waiver. In the conviction appeal waiver, Jennings acknowledged that by pleading guilty under the plea agreement he "waive[d] his right to appeal or collaterally attack a finding of guilt" following acceptance of the agreement. Plea Agreement at 12. In the sentencing appeal waiver, he "expressly waive[d] his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence."[2] Id. Among the exceptions to this waiver was the following:

---

[2]The plea agreement defined "illegal sentence" as including "a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." Plea Agreement at 12.

[I]f the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

Plea Agreement at 12. Jennings acknowledged at his change of plea hearing that he understood the waiver of his appellate rights.

Between the district court's acceptance of Jennings's guilty plea and imposition of sentence, Jennings filed three motions to withdraw his guilty plea, one of which contended that he "acted hastily" and received ineffective assistance of counsel in connection with entry of the plea. Jennings's Br. at 18. The district court denied all three motions, and Jennings was sentenced on October 6, 2010.

Jennings, though represented by counsel, filed a *pro se* notice of appeal in a letter dated October 11, 2010. Jennings's attorney filed a notice of appeal on October 22, 2010. Earlier on October 22, 2010, the government filed a notice of appeal, apparently based on the restitution order. The government subsequently filed a motion to dismiss its notice of appeal, which we granted on January 25, 2011.

II.

"As a general rule, a defendant is allowed to waive appellate rights." United States v. Andis, 333 F.3d 886, 889 (8th Cir. 2003) (en banc). "When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." Id. at 889-90. "Even when these conditions are met, however, we will not enforce a waiver where to do so would result in a miscarriage of justice." Id. at 890.

Jennings does not dispute that his waiver and plea agreement were knowingly and voluntarily entered. Prior to concluding that Jennings knowingly and voluntarily entered into the plea agreement, the district court thoroughly questioned Jennings about his decision to enter into the agreement and waive his appellate rights. See id. at 890-91 ("One important way a district court can help ensure that a plea agreement and corresponding waiver are entered into knowingly and voluntarily is to properly question a defendant about his or her decision to enter that agreement and waive the right to appeal."). The issue, therefore, is whether Jennings's appeal falls within the scope of the waiver and, if so, whether an exception to the waiver applies.

We conclude that all of Jennings's claims fall within the scope of his appeal waiver, and we reject his contention that the above-quoted exception to the sentencing appeal waiver applies. He argues that once the government filed its notice of appeal of the district court's restitution order, "the Government ha[d] manifest[ed] its intent to appeal," and therefore he "is not bound by the appeal waiver contained in the written plea agreement." Jennings's Br. at 12.

We disagree with Jennings's interpretation of the sentencing appeal waiver. The plea agreement provided that if the government appealed the sentence, Jennings was entitled to *cross-appeal* his sentence. Here, Jennings was the first to file a notice of appeal, thus making him the appellant. See Fed. R. App. P. 28.1(b) ("The party who files a notice of appeal first is the appellant for the purposes of this rule and Rules 30 and 34"). The government became the cross-appellant when it subsequently filed its notice of appeal,[3] see id., but the government never perfected its cross-appeal by

_____

[3]The dissent correctly notes that 18 U.S.C. § 3742(b) begins by stating that "[t]he Government may file a notice of appeal in the district court for review of an otherwise final sentence[.]" The statute proceeds, however, to state that "[t]he Government may not further prosecute such appeal without the personal approval of the Attorney General, the Solicitor General, or a deputy solicitor general designated by the Solicitor General." 18 U.S.C. § 3742(b). Thus, a full reading of § 3742(b)

-4-

filing a brief in support thereof. See Fed. R. App. P. 28.1(c) ("In a case involving a cross-appeal . . . [t]he appellee must file a principal brief in the cross-appeal and must, in the same brief, respond to the principal brief in the appeal"). The government later successfully moved to dismiss its cross-appeal, leaving only Jennings's direct appeal pending. Accordingly, absent a pending appeal by the government, Jennings was left without anything to cross-appeal.

We also conclude that enforcing the appeal waiver would not result in a miscarriage of justice. "[T]his exception is a narrow one. . . ." Andis, 333 F.3d at 891. Although we have not provided an exhaustive list of the circumstances that might constitute a miscarriage of justice, we have recognized that a waiver of appellate rights does not prohibit the appeal of an illegal sentence, a sentence in violation of the terms of an agreement, and a claim asserting ineffective assistance of counsel. Id. Jennings was sentenced to less than the statutory maximum for violation of 18 U.S.C. §§ 1591 and 1594(a), and his sentence did not violate the terms of the plea agreement. To the extent that Jennings raises claims based on ineffective assistance of counsel, we see no reason to depart from "our usual rule requiring such claims to be raised in a subsequently filed 28 U.S.C. § 2255 proceeding where the record can be properly developed." United States v. Weaver, 256. F. App'x 16, 18 (8th Cir. 2007) (citing United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006)); see also United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003) (noting that ineffective assistance claims should be deferred to § 2255 proceedings unless miscarriage of justice would obviously result or outcome would be inconsistent with substantial justice). Under the circumstances, requiring Jennings to raise his

clarifies that the government may not exercise its right to appeal absent personal approval by the Attorney General, Solicitor General, or a deputy Solicitor General. The government suggested at oral argument that it either did not pursue or receive such approval in this case. This lack of approval is evidenced by the fact that the government never filed a brief in support of an appeal or otherwise "further prosecute[d] such appeal" as contemplated by § 3742(b).

ineffective assistance of counsel claims by way of a § 2255 proceeding would not result in a miscarriage of justice.

## III.

The appeal is dismissed.

BYE, Circuit Judge, concurring in part and dissenting in part.

I concur in the majority's decision to enforce Jennings's conviction appeal waiver. With respect to Jennings's sentencing appeal waiver, however, I believe the government unequivocally exercised its right to appeal, thereby permitting Jennings to cross-appeal his sentence. I therefore respectfully dissent.

"We will enforce a defendant's appeal waiver against all issues that fall within the scope of the waiver if the defendant entered the plea agreement and appeal waiver 'knowingly and voluntarily' and enforcement of the waiver would not cause a 'miscarriage of justice.'" United States v. Boroughf, 649 F.3d 887, 890 (8th Cir. 2011) (quoting United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010)). "Plea agreements are contractual in nature and should be interpreted according to general contract principles." United States v. Snelson, 555 F.3d 681, 685 (8th Cir. 2009) (internal quotation marks and citation omitted). "The government bears the burden of establishing that the plea agreement clearly and unambiguously waives the defendant's right to appeal, and ambiguities in the agreement are construed against the government." United States v. Azure, 571 F.3d 769, 772 (8th Cir. 2009); see also United States v. Andis, 333 F.3d 886, 890 (8th Cir. 2003) (en banc) ("Plea agreements will be strictly construed and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights.").

Employing these principles here, I find determinative the following exception contained in Jennings's appeal waiver:

> [I]f the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

Plea Agreement at 12. Following the district court's denial of $886,650 in restitution, the government filed a notice of appeal. Nonetheless, the government contends it did not "fully perfect" its appeal because it successfully dismissed the appeal three months later, and thus Jennings did not have the right to cross-appeal his sentence.

The government's argument is not supported by a plain reading of the appeal waiver, which expressly invokes 18 U.S.C. § 3742(b) as the method by which the government may "exercise[] its right to appeal the sentence." Id. That statute states, "[t]he Government may file a *notice of appeal* in the district court for review of an otherwise final sentence[.]" 18 U.S.C. § 3742(b) (emphasis added). Notably, the statute does not require the government to "perfect" its appeal, but only to file a notice of appeal—which undisputably occurred in this case. Accordingly, the government's dismissal of its appeal three months later does not operate to preclude Jennings from cross-appealing his sentence.[4]

---

[4] I disagree with the majority's reliance on the provision in § 3742 requiring the government to receive the personal approval of the Attorney General, Solicitor General, or a deputy Solicitor General, to further prosecute its appeal. As an initial matter, the language of this provision contemplates that the government has already taken its appeal after filing a notice of appeal, as it states "[t]he Government may not further prosecute *such appeal*" without obtaining approval. 18 U.S.C. § 3742(b) (emphasis added). Indeed, the concept that an appeal is taken by filing a notice of appeal is plainly confirmed by Rule 3(a)(1) of the Federal Rules of Appellate Procedure, which states "an appeal permitted by law as of right from a district court

Moreover, I am unpersuaded by the majority's reliance on the slight discrepancy among the timing of the notices of appeal. As the majority notes, Jennings filed a pro se notice of appeal on October 11, 2010. Eleven days later, the government filed its notice of appeal, and later that day, Jennings's attorney filed a notice of appeal. The majority neglects to parse out the substance behind these notices of appeal, however. Namely, Jennings's pro se notice of appeal was filed on the grounds of ineffective assistance of counsel—an issue explicitly excepted from the appeal waiver. See Plea Agreement at 12 ("The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) *ineffective assistance of counsel*; (2) prosecutorial misconduct; or (3) an illegal sentence.") (emphasis added). Therefore, Jennings acted fully within the confines of the plea agreement by being the first to file a notice of appeal. The government's later notice of appeal concerned the district court's denial of restitution—a sentencing issue—and Jennings's counsel accordingly filed a subsequent cross-appeal on the sentencing issues. For the reasons set forth above, this cross-appeal on the sentencing

to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Rule 3(a)(2) continues, "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal." In sum, the plea agreement, § 3742(b), and Rule 3 of the Federal Rules of Appellate Procedure foreclose the government's argument with respect to "perfecting" its appeal.

Moreover, even if approval is required, there is no indication the government did *not* have such approval, as the government's motion to dismiss only cited its continued belief that its cross-appeal was meritorious. Even at oral argument, the government did not make any representations regarding the lack of approval in this particular case—it only referenced its general internal policy regarding filing "protective" notices of appeal in many cases. It bears repeating that *the government* has the burden of establishing Jennings clearly and unambiguously waived his rights; Jennings does not have the burden to show the government received the appropriate approval to further prosecute its appeal. Azure, 571 F.3d at 772.

issues was permitted under the separate exception in the plea agreement. Therefore, I would reach the merits of Jennings's sentencing arguments.

_____