# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3354

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Joseph L. Stauch, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 21, 2012
Filed: March 26, 2012

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Joseph Stauch pleaded guilty to being a felon in possession of a firearm, and the District Court[1] imposed an above-Guidelines-range sentence. In this direct appeal, Stauch's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sentence. Stauch has filed a pro se supplemental brief in which he challenges his sentence, claims that he received ineffective assistance of counsel, and raises other issues underlying the judgment.

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

Stauch pleaded guilty pursuant to a written plea agreement containing a provision under which he waived his right to appeal his sentence, directly or collaterally, except for claims of an illegal sentence, ineffective assistance of counsel, or prosecutorial misconduct. After careful review of the record, we conclude that the appeal waiver is enforceable, and we do not consider any of counsel's or Stauch's arguments related to the reasonableness of the sentence. See United States v. Jennings, 662 F.3d 988, 990–92 (8th Cir. 2011) (discussing enforcement of appeal waivers).

We decline to consider Stauch's ineffective-assistance claim in this direct appeal, see United States v. McAdory, 501 F.3d 868, 872–73 (8th Cir. 2007) (noting that appellate court ordinarily defers ineffective-assistance claims to 28 U.S.C. § 2255 proceedings), and we conclude that the remaining arguments in Stauch's pro se brief are either barred by the appeal waiver or without merit.

Finally, having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues outside the scope of the appeal waiver. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____