# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2906

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Michael Smythe, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 3, 2012
Filed: April 9, 2012

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Michael Smythe challenges the within-Guidelines-range sentence imposed by the District Court[1] after Smythe pleaded guilty to one count of aiding and abetting a bank robbery. Smythe's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the District Court should not have sentenced Smythe as a career offender under the Guidelines. Smythe has filed a pro se supplemental brief also challenging

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

the career-offender determination and additionally claiming that he received ineffective assistance of counsel.

Smythe pleaded guilty pursuant to a written plea agreement containing a clause under which he waived the right to appeal his sentence, directly or collaterally, except for claims of an illegal sentence, ineffective assistance of counsel, and prosecutorial misconduct. Thus, we conclude that Smythe's claim of ineffective assistance of counsel is not barred by the appeal waiver. Nevertheless, we decline to consider the ineffective-assistance claim in this direct appeal. See United States v. McAdory, 501 F.3d 868, 872–73 (8th Cir. 2007) (noting that appellate court ordinarily defers ineffective-assistance claims to 28 U.S.C. § 2255 proceedings). As to all other arguments asserted on appeal, we conclude that they are barred by the appeal waiver. See United States v. Jennings, 662 F.3d 988, 990 (8th Cir. 2011) (discussing enforcement of appeal waivers); United States v. Scott, 627 F.3d 702, 704–05 (8th Cir. 2010) (rejecting sentencing-error arguments where appeal waiver barred claims that the district court abused its discretion or misapplied the Guidelines in calculating and imposing sentence); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case). Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues outside the scope of the appeal waiver.

In sum, we decline to consider Smythe's ineffective-assistance claim in this direct appeal, we otherwise dismiss the appeal based on the appeal waiver, and we grant counsel's motion to withdraw. In addition, we deny Smythe's pending motion for appointment of new counsel.

_____