# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3359

_____

United States of America,     *
                                       *

        Appellee,            *

                                          *     Appeal from the United States
        v.                          *     District Court for the
                                          *     Eastern District of Missouri.
Eric Reedus,                     *

                                          *     [UNPUBLISHED]
        Appellant.          *

_____

Submitted: March 6, 2012
Filed: May 11, 2012

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Eric Reedus directly appeals after he pled guilty--pursuant to a written plea agreement--to drug-conspiracy and money-laundering charges, and the district court[1] sentenced him--in accordance with the plea agreement and within the calculated Guidelines range--to concurrent terms of 204 months in prison. Reedus's counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), questioning the reasonableness of the sentence.

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

Reedus's plea agreement contained an appeal waiver, which we now enforce because the record shows that Reedus entered into both the plea agreement and the appeal waiver knowingly and voluntarily, the appeal is within the scope of the waiver, and no injustice would result from enforcing the waiver. See United States v. Jennings, 662 F.3d 988, 990 (8th Cir. 2011) (discussing enforcement of appeal waivers); see also United States v. Sisco, 576 F.3d 791, 796 (8th Cir. 2009) (enforcing appeal waiver and finding no miscarriage of justice in appeal challenging sentence as unreasonable because sentence did not exceed statutory maximum); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

In addition, having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues outside the scope of the appeal waiver. Accordingly, we dismiss the appeal based on the appeal waiver, and grant counsel's motion to withdraw.

_____