# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3325

_____

United States of America,      *

                     *

         Appellee,     *

                     *   Appeal from the United States

     v.               *   District Court for the

                     *   Eastern District of Missouri.

Marrion Dotson,        *

                     *   [UNPUBLISHED]

         Appellant.    *

_____

Submitted: May 14, 2012
Filed: May 22, 2012

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Marrion Dotson directly appeals after he pled guilty to kidnaping and firearm charges and the district court[1] imposed a within-Guidelines-range sentence. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), noting that Dotson's plea agreement contained an appeal waiver, and raising sentencing issues. Dotson has filed a pro se supplemental brief, raising issues related to the district court's conduct at the change-of-plea hearing and related to his sentence.

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

We conclude that the appeal waiver in the plea agreement is enforceable as to Dotson's pro se arguments challenging the district court's conduct at the change-of-plea hearing. See United States v. Jennings, 662 F.3d 988, 990 (8th Cir. 2011) (appeal waiver is generally enforceable if appeal falls within scope of waiver, both waiver and plea agreement were entered into knowingly and voluntarily, and enforcement of waiver would not result in miscarriage of justice). Accordingly, we do not consider those arguments.

We further conclude that the appeal waiver is not enforceable with respect to the sentencing issues raised in the briefs, because those issues are not within the scope of the waiver. More specifically, the parties waived their rights to appeal sentencing issues on the condition, among others, that the court accept the Guidelines total offense level to which the parties had agreed. That condition was not met. However, after careful review, we conclude that none of the sentencing issues raised in the briefs have merit. Dotson's own admission of facts abundantly supported the district court's sentencing determinations, and the court adequately considered the 18 U.S.C. § 3553(a) factors. See United States v. Stroud, 673 F.3d 854, 862 (8th Cir. 2012) (district court is not required to recite § 3553(a) factors mechanically, but it must be clear that court considered them).

Finally, having independently reviewed the record consistent with Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issue for appeal. Accordingly, counsel's motion to withdraw is granted, and the judgment is affirmed.

_____