# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1879

_____

United States of America

*Plaintiff - Appellee*

v.

Timothy W. Sparks

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: October 4, 2012
Filed: October 9, 2012
[Unpublished]

_____

BYE, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Timothy Sparks pled guilty to being a felon in possession of a firearm and to a counterfeiting offense. The district court[1] sentenced him to two concurrent prison terms of 210 months, the bottom of the

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

calculated Guidelines range. On appeal, Sparks's counsel has moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), noting that Sparks entered into a plea agreement containing an appeal waiver, but nevertheless arguing that the district court abused its discretion in declining to grant Sparks a downward departure or variance. Sparks has filed a pro se supplemental brief, arguing that he received ineffective assistance of counsel.

Sparks's ineffective-assistance claim is not within the scope of the appeal waiver, but this court declines to address it on direct appeal. *See United States v. McAdory*, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claim to 28 U.S.C. § 2255 proceedings).

Counsel's arguments, however, are within the scope of the appeal waiver, and this court enforces the appeal waiver as to them. *See United States v. Jennings*, 662 F.3d 988, 990 (8th Cir. 2011) (court should enforce appeal waiver if both waiver and plea agreement were entered into knowingly and voluntarily, appeal is within waiver's scope, and no miscarriage of justice would result); *see also United States v. Azure*, 571 F.3d 769, 772 (8th Cir. 2009) (de novo review of whether defendant waived right to appeal sentence).

Having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no nonfrivolous issues for appeal, outside the scope of the appeal waiver. This court dismisses the appeal and grants counsel's motion to withdraw.

_____