# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2396

_____

United States of America

*Plaintiff - Appellee*

v.

Thomas Harry Finley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 4, 2013
Filed: January 11, 2013
[Unpublished]

_____

Before BYE, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Thomas Finley appeals the above-Guidelines sentence imposed on him by the district court[1] after he pled guilty to a drug charge in accordance with a written plea

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

agreement. Counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), in which he challenges Finley's sentence and seeks leave to withdraw. Finley has filed a pro se supplemental brief arguing that the plea agreement was void and that his counsel was ineffective.

As relevant, the plea agreement contained an appeal waiver in which Finley agreed to waive his right to appeal the conviction and sentence except under certain limited circumstances. The record reflects that Finley entered into the plea agreement and the appeal waiver knowingly and voluntarily. At his arraignment and plea hearing, Finley confirmed that he understood and had signed the plea agreement. He further testified that he understood he was waiving his right to appeal, and that no one had forced or pressured him to plead guilty. Finley specifically disavowed, both in the agreement and at the plea hearing, the existence of any agreements or promises other than those set forth in the plea agreement. *See Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (defendant's statements made during plea hearing are entitled to strong presumption of verity). The waiver is therefore valid. *See United States v. Jennings*, 662 F.3d 988, 990 (8th Cir. 2011) (appellate court must confirm that both waiver and plea agreement were entered into knowingly and voluntarily); *United Stated v. Azure*, 571 F.3d 769, 772 (8th Cir. 2009) (de novo review of whether defendant waived right to appeal sentence).

Counsel's arguments fall within the scope of the waiver, and this court concludes that no miscarriage of justice would result from enforcing the waiver in this case. *See Jennings*, 662 F.3d at 990 (valid appeal waiver enforceable as to issues within its scope, providing no miscarriage of justice would result). Although Finley's pro se ineffective-assistance claim is not barred by the appeal waiver, this court declines to consider it in this direct appeal. *See United States v. McAdory*, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claim to 28 U.S.C. § 2255 proceedings).

Having reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no nonfrivolous issues outside the scope of the waiver. The appeal is dismissed based on the appeal waiver, and counsel is granted leave to withdraw.

———————————————————