# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3617

_____

United States of America

*Plaintiff - Appellee*

v.

Derone Coleman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: May 31, 2013
Filed: June 7, 2013
[Unpublished]

_____

Before LOKEN, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Derone Coleman pleaded guilty to drug-trafficking and firearm offenses, the district court[1] sentenced him to a total of 106 months in prison. Coleman appeals.

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

In this court, Coleman's counsel has moved to withdraw, and in a brief filed under Anders v. California, 386 U.S. 738 (1967), counsel argues that the sentence imposed on Coleman is unreasonable, because the district court should have varied downward.

Coleman pleaded guilty pursuant to a plea agreement that contained a waiver of his right to appeal his conviction and sentence. We will enforce the appeal waiver. See United States v. Jennings, 662 F.3d 988, 990 (8th Cir. 2011) (discussing appeal waivers), cert. denied, 132 S. Ct. 2407 (2012); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case). In sworn plea-hearing testimony, Coleman assured the court that he understood the plea agreement, including the appeal waiver, and that he was pleading guilty voluntarily. See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing are entitled to strong presumption of verity). Further, this appeal falls within the scope of the appeal waiver, and enforcing the waiver in these circumstances would cause no miscarriage of justice. See United States v. Andis, 333 F.3d 886, 891-92 (8th Cir. 2003) (en banc).

Finally, having reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues outside the scope of the appeal waiver. Accordingly, we dismiss the appeal based on the appeal waiver, and we grant counsel's motion to withdraw.

_____