# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3407

_____

United States of America

*Plaintiff - Appellee*

v.

David Soto-Quintero

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: June 4, 2013
Filed: June 7, 2013
[Unpublished]

_____

Before LOKEN, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

David Soto-Quintero appeals the 80-month prison sentence the district court[1]
imposed upon his guilty plea to a drug-conspiracy offense. Pursuant to <u>Anders v.</u>

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the
Northern District of Iowa.

California, 386 U.S. 738 (1967), counsel has moved to withdraw, and has filed a brief in which he suggests that the sentence imposed is unreasonable.

Soto-Quintero pleaded guilty pursuant to a plea agreement that contained a waiver of his right to appeal his conviction and sentence. We will enforce the waiver. The plea-hearing transcript reflects that Soto-Quintero entered into the plea agreement and its appeal waiver knowingly and voluntarily; the challenge raised on appeal falls within the scope of the appeal waiver; and no miscarriage of justice would occur from enforcing the waiver. See United States v. Jennings, 662 F.3d 988, 990 (8th Cir. 2011) (discussing enforceability of appeal waivers), cert. denied, 132 S. Ct. 2407 (2012); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Although Soto-Quintero raised complaints about his attorney in postjudgment papers that he filed in the district court, he has not filed a pro se appellate brief in this court. In any event, we generally do not consider ineffective-assistance claims in a direct criminal appeal. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007). Finally, having reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues outside the scope of the appeal waiver.

Accordingly, we dismiss this appeal, and we grant counsel's motion to withdraw.

_____