# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1690

_____

United States of America

*Plaintiff - Appellee*

v.

Cuauthemoc Sanchez-Lopez, also known as Luis Picon Sanches

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: June 26, 2013
Filed: July 1, 2013
[Unpublished]

_____

Before LOKEN, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Cuauthemoc Sanchez-Lopez appeals the below-Guidelines-range sentence the district court[1] imposed after he pled guilty, pursuant to a plea agreement, to an

_____

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

immigration offense. His counsel has moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the district court abused its discretion by declining to vary downward even further.

Upon careful review, this court concludes that Sanchez-Lopez's appeal falls within the scope of the appeal waiver contained in the plea agreement, that he entered into both the appeal waiver and the plea agreement knowingly and voluntarily, and that no miscarriage of justice would result from enforcing the appeal waiver in this case. *See United States v. Jennings*, 662 F.3d 988, 990 (8th Cir. 2011) (court should enforce appeal waiver if both waiver and plea agreement were entered into knowingly and voluntarily, appeal is within waiver's scope, and no miscarriage of justice would result); *see also United Stated v. Azure*, 571 F.3d 769, 772 (8th Cir. 2009) (de novo review of whether defendant waived right to appeal sentence). An independent review of the record under *Penson v. Ohio*, 488 U.S. 75 (1988), reveals no nonfrivolous issues outside the scope of the appeal waiver.

Counsel's motion to withdraw is granted, and the appeal is dismissed.

_____