# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1154

_____

United States of America

*Plaintiff - Appellee*

v.

Brian Warren Briggs

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: July 19, 2013
Filed: July 24, 2013
[Unpublished]

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

After Brian Briggs pleaded guilty to drug-conspiracy and money-laundering charges, the district court[1] sentenced him below the Guidelines range and statutory

_____

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

minimum to 180 months in prison. Seeking leave to withdraw, his counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the court's sentence is unreasonable because the court did not adequately address the substantial-assistance criteria in U.S.S.G. § 5K1.1. In a pro se supplemental brief, Briggs raises concerns about the quality of the legal representation he received, and suggests that a lower sentence was warranted based on his assistance to the government.

Briggs pleaded guilty pursuant to a plea agreement that contained a waiver of his right to appeal his conviction and sentence. We will enforce the appeal waiver. Briggs's appeal falls within the scope of the waiver, which by its terms applies in a direct criminal appeal unless the sentence imposed was above the court-determined Guidelines range. Further, the record reflects that Briggs entered into both the waiver and the plea agreement knowingly and voluntarily, and we find that no miscarriage of justice would result from enforcing the waiver in this case. <u>See</u> <u>United States v. Jennings</u>, 662 F.3d 988, 990 (8th Cir. 2011) (court should enforce appeal waiver if both waiver and plea agreement were entered into knowingly and voluntarily, appeal is within scope of waiver, and no miscarriage of justice would result), <u>cert.</u> <u>denied</u>, 132 S. Ct. 2407 (2012); <u>see</u> <u>also</u> <u>United Stated v. Azure</u>, 571 F.3d 769, 772 (8th Cir. 2009) (de novo review of whether defendant waived right to appeal sentence).

Although the pro se brief suggests that Briggs is unsatisfied with his counsel's assistance, we will not consider ineffective-assistance claims in this direct criminal appeal. <u>See</u> <u>United States v. McAdory</u>, 501 F.3d 868, 872-73 (8th Cir. 2007). Finally, having independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues outside the scope of the appeal waiver. Therefore, we dismiss the appeal, and we grant counsel's motion to withdraw.

_____