# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 13-3470

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jerrod Lamonte Marshall

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Joplin

——————————

Submitted: June 5, 2014
Filed: June 6, 2014
[Unpublished]

——————————

Before BYE, COLLOTON, and BENTON, Circuit Judges.

——————————

PER CURIAM.

Jerrod Lamonte Marshall appeals after he entered into a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), and pled guilty to transporting a minor with the intent that she engage in prostitution. Marshall was sentenced by the

district court[1] pursuant to the plea agreement. His counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), which alludes to guilt and sentencing issues, and possible claims of ineffective assistance of counsel. Counsel also discusses the effect of an appeal waiver in the plea agreement. Marshall has filed a pro se brief, arguing that the district court improperly accepted his guilty plea without a sufficient factual basis. Counsel has moved to withdraw.

After careful de novo review, this court enforces the appeal waiver. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver is generally enforceable, and appeal is subject to dismissal, if appeal falls within scope of waiver, defendant entered into both plea agreement and waiver knowingly and voluntarily, and enforcement of waiver would not result in miscarriage of justice); *see also United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (this court reviews de novo validity and applicability of appeal waiver). An independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), reveals no non-frivolous issues that are both outside the scope of the appeal waiver and appropriate for review on direct appeal. To the extent this case may present non-frivolous ineffective-assistance claims, they are deferred to collateral proceedings. *See United States v. Jennings*, 662 F.3d 988, 991-92 (8th Cir. 2011) (deferring possible ineffective-assistance claims to 28 U.S.C. § 2255 proceeding where record can be properly developed).

The appeal is dismissed, and counsel's motion to withdraw is granted.

_____

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.